IRENE C. DEHAEN, as Administratrix of the Estate of MATHEW T. LANDY, Deceased, Respondent, *v.* ROCK-WOOD SPRINKLER COMPANY OF MASSACHUSETTS et al., Appellants.

(Argued January 11, 1932; decided February 9, 1932.)

*Walter G. Evans* and *John P. Smith* for Rockwood Sprinkler Company of Massachusetts, appellant. The verdict holding that the negligence of the other defendants was a contributing cause of the accident is amply supported by the evidence. (*Quigley* v. *Thatcher*, 207 N. Y. 66; *Bohnhoff* v. *Fisher*, 210 N. Y. 172; *Smith* v. *Variety Iron Co.*, 147 App. Div. 242; *Hart* v. *Bridge Co.*, 80 N. Y. 622; *New York Harbor Co.* v. *N. Y. L. R. Co.*, 76 Hun, 258; *Gallagher* v. *Crooks*, 132 N. Y. 338; *Fitzwater* v. *Warren*, 206 N. Y. 355; *Lester* v. *Graham*, 157 App. Div. 651; *Berthelson* v. *Garber*, 111 App. Div. 142; *Pinsdorf* v. *Kellogg*, 108 App. Div. 209.)

*Bertrand L. Pettigrew* and *Walter L. Glenney* for John F. LeBeau, appellant. No negligence on the part of the individual defendant was the proximate cause of the accident. (*Laidlaw* v. *Sage*, 158 N. Y. 73; *Koch* v. *Fox*, 71 App. Div. 288; *Storey* v. *Mayor*, 29 App. Div. 316; *Independent I. C. Co.* v. *United I. C. Co.*, 69 Misc. Rep. 623; *Davy* v. *Lyons*, 71 Misc. Rep. 139; *Miller* v. *Bahmmuller*, 124 App. Div. 558; *Wolf* v. *American Tract Society*, 164 N. Y. 30; *Jack* v. *McCabe*, 56 App. Div. 378; *Tobias* v. *Lewis*, 182 App. Div. 598; 230 N. Y. 571; *Loktich* v. *Bethlehem Engineering Corp.*, 242 N. Y. 436.)

*Frederick Hulse* for Turner Construction Company, Inc., appellant. The absence of a barrier along the north side of the shaft was not the proximate or remote cause of the accident. (*Bond* v. *Smith*, 113 N. Y. 378; *Pauley* v. *S. G. & L. Co.*, 131 N. Y. 90; *Perry* v. *Rochester Lime Co.*, 219 N. Y. 60; *Swenson* v. *Willis*, 152 App. Div. 711; *Genovesia* v. *Pelham Operating Co.*, 130 App. Div. 200; *Eagan* v. *Thompson-Starrett*, 209 N. Y. 110; *Sabatino* v. *Roebling Constr. Co.*, 136 App. Div. 217.)

*Archie E. Latto, Leonard F. Fish* and *Thomas J. O' Neill* for respondent. The general contractor was guilty of manifest negligence in failing to maintain proper barriers to the shaft as required by statute, which was one of the proximate causes of the accident. (*Quigley* v. *Thatcher*, 207 N. Y. 66; *Bohnhoff* v. *Fischer*, 210 N. Y. 172; *Smith* v. *Variety Iron Co.*, 147 App. Div. 242; *Sweet* v. *Perkins*, 196 N. Y. 482; *Hart* v. *Bridge Co.*, 80 N. Y. 622; *New York Harbor Co.* v. *N. Y. L. R. Co.*, 76 Hun, 258; *Gallagher* v. *Crooks*, 132 N. Y. 338; *Fitzwater* v. *Warren*, 206 N. Y. 355; *Lotocka* v. *Elevator Supplies Co.*, 246 N. Y. 295; *Lester* v. *Graham*, 157 App. Div. 651; *Berthelson* v. *Garber*, 111 App. Div. 142; *Pinsdorf* v. *Kellogg*, 108 App. Div. 209; *Volkmar* v. *R. R. Co.*, 134 N. Y. 418.) The individual defendant was guilty of culpable negligence in setting down the radiators in a dangerous place, which was one of the proximate causes of the accident. (*Becker* v. *Koch*, 104 N. Y. 394; *Sweet* v. *Perkins*, 196 N. Y. 482.)

CARDOZO, Ch. J. A radiator placed about ten or twelve inches from the edge of an unprotected hoistway and parallel thereto fell down the shaft and killed a man below.

In this action to recover damages for his death, the defendant Rockwood Sprinkler Company has been held liable on the ground that its servants negligently struck the radiator and thus brought about the fall; the defendant LeBeau has been held liable on the ground that his servants negligently placed the radiator in dangerous proximity to the shaft; and the defendant Turner Construction Company has been held liable on the ground of an omission to fence the shaft in the manner called for by statute.

The liability of the Rockwood Sprinkler Company is hardly doubtful. The negligence of its servants in dislodging the radiator was plainly a contributing cause.

The liability of LeBeau, though not so certain, may

fairly be upheld. The inference is a permissible one that it was by the act of his servants, and not by the act of others, that the radiator was left in the place from which it fell. Reasonable men might not unreasonably say that there was warning of peril when a thing so easily dislodged was placed in close proximity to an open and unguarded hoistway. Liability is not defeated by the fact that the thing could not be.moved without the co-operative negligence of others (*Sweet* v. *Perkins*, 196 N. Y. 482). One may not place an engine of destruction in a position where a heedless touch by some one else will awaken its destructive power (cf. *Teasdale* v. *Beacon Oil Co.*, 266 Mass. 25, 28; *Pastene* v. *Adams*, 49 Cal. 87; *Lane* v. *Atlantic Works*, 111 Mass. 136). At least a jury may so find (*O'Neill* v. *City of Port Jervis*, 253 N. Y. 423, 433).

A question even closer arises with reference to the liability of the Turner Construction Company, the general contractor.

Section 241, subdivision 5, of the Labor Law (Cons. Laws, ch. 31) (as it stood at the time of the accident) contained the following provisions: " If elevators, elevating machines or hod-hoisting apparatus are used within a building in the course of construction, for the purpose of lifting materials to be used, the shafts or openings in each floor shall be inclosed or fenced in on all sides by a barrier of suitable height, except on two sides which may be used for taking off and putting on materials, and those sides shall be guarded by an adjustable barrier not less than three nor more than four feet from the floor and not less than two feet from the edges of such shafts or openings."

The violation of a statute calling for a prescribed safeguard in the construction of a building does not establish liability if the statute is intended to protect against a particular hazard, and a hazard of a different kind is the occasion of the injury (Am. Law Inst., Restatement of Torts [No. 4], § 176; *Lang* v. *N. Y. C. R. R. Co.*, 227 N. Y.

507; 255 U. S. 455; *Boronkay* v. *Robinson & Carpenter,* 247 N. Y. 365; *DiCaprio* v. *N. Y. C. R. R. Co.,* 231 N. Y. 94).

The chief object of this statute is to protect workmen from the hazard of falling into a shaft. We cannot say, however, that no other hazard was within the zone of apprehension. On two sides of the shaft there must be a solid or comparatively solid fence. Only on the other sides where material is taken on or off may there be a single bar. If there was no thought to give protection against falling missiles or debris, the lawmakers might well have stopped with a requirement that there be a single bar on every side. The fact that they did not stop there is evidence of a broader purpose. True, indeed, it is that on two of the four sides the security is only partial and imperfect. A barrier set in place at a height of four feet will often be of little avail in holding back material or rubbish collected on the floor. Even so, security against the hazard of falling objects will not be lacking altogether. One of the requirements of the statute is that the guard shall be placed at least two feet from the edge. In a barrier so fixed there is warning, if no more. Workmen, who may otherwise be tempted to store material in dangerous proximity to the edge of an open shaft will be reminded of the danger and will tend to stand afar. The thoughtless will be checked, though the recklessly indifferent will be free to go their way.

The potencies of protection that reside in such a barrier have illustration in the case before us. If the hoistway had been guarded, it is unlikely that the radiators thirty-eight inches high would have been placed as they were within falling distance of the edge. It is still less likely that a worker would heedlessly have brushed against them and so brought about the fall. We do not mean to say that these considerations are decisive. Liability is not established by a showing that as chance would have it a statutory safeguard might have avoided the particular

hazard out of which an accident ensued. The hazard out of which the accident ensued must have been the particular hazard or class of hazards that the statutory safeguard in the thought and purpose of the Legislature was intended to correct (*Lang* v. *N. Y. C. R. R. Co.*, *supra; DiCaprio* v. *N. Y. C. R. R. Co., supra*). None the less, the sequence of events may help to fix the limits of a purpose that would be obscure if viewed alone. A safeguard has been commanded, but without distinct enumeration of the hazards to be avoided. In the revealing light of experience the hazards to be avoided are disclosed to us as the hazards that ensued.

The judgment should be affirmed with costs.

POUND, CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur; KELLOGG, J., not sitting.

Judgment affirmed.