MICHAEL KERNER, Appellant, v. SURFACE TRANSPORTATION CORPORATION OF NEW YORK and ROBERT J. BRUDERER, Respondents, Impleaded with VINCENT KELLY, Defendant.*

First Department, June 6, 1941.

* Revg. 166 Misc. 742.

*Harold M. Phillips* of counsel [*Thomson & McGinty,* attorneys], for the appellant.

*Addison B. Scoville* of counsel [*David C. Keane, Jr.,* with him on the brief; *Alfred T. Davison,* attorney], for the respondents.

PER CURIAM. The lights required by subdivision 2 of section 15 of the Vehicle and Traffic Law are not intended merely to avert collisions between vehicles traveling in parallel directions but are also intended to avert collisions between vehicles approaching from other directions. (Compare *De Haen* v. *Rockwood Sprinkler Co.,* 258 N. Y. 350.) The requirement that the lights shall be visible at a distance of 500 feet ahead of the vehicle only prescribes the measure of their intensity. Subdivision 6 of section 15 does not apply for the reason that the bus, though momentarily at a standstill, was in operation in the highway at the time of the accident.

A jury could find that observance of the requirements of subdivision 2 of section 15 would have prevented the accident and that, accordingly, the defendants' failure to comply with the statute was a contributing cause.

The judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, GLENNON and UNTERMYER, JJ.

Judgment and order unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.