ANNIE CLARK, Appellant, v. THOMAS E. MURRAY, as Receiver of the INTER- BOROUGH RAPID TRANSIT COMPANY, Respondent.

Judgment affirmed, with costs. No opinion.

Present — Martin, P. J., Untermyer, Dore, Cohn and Callahan, JJ.; Untermyer, J., dissents and votes to reverse and grant a new trial; dissenting opinion by Untermyer, J.

UNTERMYER, J. (dissenting). The jury could have found, as the legislature of the city in enacting section 213 of the Sanitary Code of the City of New York has found, that the posting of signs would tend to prevent the commission of the offense which caused the plaintiff's injury. Although one of the purposes of the ordinance was the protection of public health, it is reasonable to assume that it was also enacted in the interest of decent behavior and to prevent such an accident as occurred in the present case. " In the revealing light of experience the hazards to be avoided

are disclosed to us as the hazards that ensued." (*DeHaen* v. *Rockwood Sprinkler Co.*, 258 N. Y. 350.) If, as seems evident, the person who created the dangerous condition in violation of the ordinance would be liable, there is no reason to exculpate the defendant who is likewise responsible for the existence of the danger, as the jury might have found if the issue had been submitted to them.

The judgment should be reversed and a new trial ordered.