■ DAVID VAN SLYKE, Respondent, v NIAGARA MOHAWK POWER CORPORATION et al., Appellants. NIAGARA MOHAWK POWER CORPORATION, Third-Party Plaintiff, v NEW YORK TELEPHONE COMPANY, Third-Party Defendant-Appellant. GENERAL CABLE CORPORATION, Third-Party Plaintiff, v NEW YORK TELEPHONE COMPANY, Third-Party Defendant-Appellant. (Appeal No. 1.) — Judgment reversed, on the law and facts, without costs, complaint dismissed against defendant General Cable Corporation and new trial granted against Niagara Mohawk Power Corporation. Memorandum: The defendants and the third-party defendant appeal from a judgment entered upon a jury verdict

awarding the plaintiff money damages in a personal injury action. The plaintiff, a lineman employed by the third-party defendant, New York Telephone Company, was seriously injured by an electric shock from a high voltage power line owned by the defendant Niagara Mohawk Power Corporation. Plaintiff was transferring a telephone cable to a newly placed pole, which was jointly owned and maintained by the power corporation and the telephone company. At the time of his injuries, plaintiff was in the bucket of an aerial lift manufactured by the defendant General Cable Corporation, and he was raising the telephone cable to hardware attached to the new pole at the 23-foot level. A high voltage primary power line, which was still attached to an old pole, was approximately three feet, four inches above the hardware and three feet, five inches away from the new pole. Plaintiff's injuries occurred when a metal tool, which was stored in a tray attached to the back of the bucket and which projected 20 inches above the top of the bucket, came into contact with the power line causing severe burns to plaintiff's hands, resulting in the loss of both of his hands and forearms. The plaintiff brought this action against the power corporation and General Cable Corporation, and both defendants brought third-party actions against the telephone company. Upon the trial, the case against the power corporation was submitted to the jury on four theories of liability: common-law negligence and violation of three separate subdivisions of the Labor Law; subdivision 1 of section 200, subdivision 1 of section 240 and subdivision 6 of section 241. Because of errors in the charge to the jury, we reverse the judgments against the defendant power corporation and the third-party defendant telephone company, and we grant a new trial in plaintiff's action against the defendant power corporation and a new trial in the third-party action brought by that defendant against the telephone company. The court erred in submitting to the jury alleged violations of subdivision 1 of section 240 of the Labor Law. That section benefits only those persons injured by a fall from an elevated height due to a lack of, or defective, safety devices designed to prevent such a fall (*DaBolt v Bethlehem Steel Corp.*, 92 AD2d 70). The court erred, also, when it instructed the jury that comparative negligence was not a defense to liability based upon a violation of subdivision 6 of section 241 of the Labor Law (see *Long v Forest-Fehlhaber*, 55 NY2d 154). Reviewing the record, we conclude that the plaintiff has failed to prove his cause of action against the defendant General Cable Corporation and we reverse the judgment and dismiss the complaint against that defendant. To establish his cause of action based upon defects in the design of the aerial lift, the plaintiff was required to prove that General Cable Corporation failed to exercise reasonable care in designing the lift so as to avoid an unreasonable risk of harm to the plaintiff. To prove lack of care, plaintiff had to establish not only that defendant had reason to know that the design of its lift was potentially dangerous, but also that other, safer, designs were available and feasible at the time the lift was marketed (*Bolm v Triumph Corp.*, 71 AD2d 429, 435; see, also, *Robinson v Reed-Prentice Div. of Package Mach. Co.*, 49 NY2d 471, 479; *Micallef v Miehle Co., Div. of Miehle-Goss Dexter*, 39 NY2d 376, 385-386; *Opera v Hyva, Inc.*, 86 AD2d 373, 377). Plaintiff contends that the lift and tray were unreasonably dangerous because the lift was uninsulated and the design of the tool tray permitted the metal tool, known as a strand connector, to project above the bucket. Plaintiff presented no evidence indicating that the lift was unreasonably dangerous for use in the telephone industry because it was uninsulated, nor did he present evidence that, at the time the lift was sold to the telephone company, an insulated design was available and feasible for use in installing telephone cables. The only testimony critical of the design of the lift was given by plaintiff's expert, an electrical engineer, who

stated only that the tool tray should have been designed so that the metal tool used by the telephone company would not project out of the bucket. Concerning the design of the tool tray, the defendant General Cable Corporation was not negligent since there was no showing that it had reason to know that the design of the tray was potentially dangerous. There was no evidence that the design of the tray (or of the lift) had caused any prior accident, and there was no showing that the manufacturer had notice, prior to the sale to the telephone company, that users of the lift contemplated storing strand connectors in the tool tray. Concur — Dillon, P. J., Denman, Boomer and Moule, JJ.

Callahan, J., dissents in part and votes to reverse the judgment and grant a new trial against both defendants, in the following memorandum: I concur that there must be a new trial because of the erroneous charge herein but do not agree that plaintiff has failed to prove his cause of action against the defendant General Cable Corporation. In this case, the manufacturer's liability is determined by the traditional reasonable man test used in negligence actions (*Martin v Dierck Equip. Co.,* 43 NY2d 583, 590; *Micallef v Miehle Co., Div. of Miehle-Goss Dexter,* 39 NY2d 376, 387; *Bolm v Triumph Corp.,* 33 NY2d 151, 158-159; *Biss v Tenneco, Inc.,* 64 AD2d 204, 205-207). The majority acknowledge that plaintiff's expert, an electrical engineer, testified that the tool tray should have been designed so that the metal tool used by the telephone company did not project out of the bucket. A manufacturer is obligated to exercise that degree of care in planning or designing products so as to avoid any unreasonable risk of harm to anyone who is likely to be exposed to the danger when that product is put to its intended or reasonably foreseeable use. The courts typically have held it to be a question of fact whether, under the particular circumstances presented, the manufacturer should have foreseen the dangerous aspects of its products when used in an intended manner. This question was presented to the jury. It is not for the majority to substitute their judgment for that of the jury on this issue. Plaintiff was using this equipment on the job. The metal tool regularly used by the telephone company was in the tool tray and it is generally acknowledged that it was this tool that came in contact with the high voltage power line causing serious injury to plaintiff then in the uninsulated bucket of the lift designed by defendant General Cable Corporation. The lift designed for use by the telephone company was being utilized by plaintiff in its intended use. It is foreseeable that this equipment would be used near power lines on poles shared by both companies. This is not a unique or isolated situation. I see no reason, therefore, why the complaint should be dismissed against this defendant. (Appeal from judgment of Supreme Court, Onondaga County, Inglehart, J. — negligence.) Present — Dillon, P. J., Callahan, Denman, Boomer and Moule, JJ.