■ Baillie R. Smith, Appellant, v Jesus People, Doing

Business as LOVE INN et al., Respondent-Appellant, and JOSEPH PARATORE et al., Individually and Doing Business as TRADESMEN OF FREEVILLE, Respondents.—Kane, J. Cross appeals from a judgment of the Supreme Court in favor of defendant Jesus People, entered April 18, 1984 in Tompkins County, upon a verdict rendered at Trial Term (Bryant, J.).

On August 30, 1979, plaintiff sustained a broken clavicle when a plank of wood fell from the scaffolding he was in the process of moving, bounced off the floor and struck him in the back of his shoulder. Plaintiff, a framing carpenter, was employed in the renovation of a barn owned by defendant Jesus People, a New York corporation. Defendants Joseph Paratore and Stanley Negvesky, individually and doing business as Tradesmen of Freeville (Tradesmen), were allegedly the contractors for and supervisors of the project.

The plank fell from the scaffolding while plaintiff and two others were moving it by having plaintiff stand inside the scaffolding and pull it forward while the two others stood on the outside of the scaffolding and lifted its end up while pushing forward. In this manner, each side was alternately inched forward until the scaffolding was moved to the desired location. Plaintiff and another experienced carpenter testified that this was a common and proper method of moving the scaffolding.

The scaffolding was erected in a series of boxes consisting of rigid end pieces made of tubular steel connected with braces, each box being six feet in height. The boxes were stacked on top of each other to reach the desired height. Planks would then be placed on the uppermost box to form a platform. Plaintiff proffered evidence that the standard practice is for the planks to be "spiked off" by driving a spike through the overhanging portion of the plank on both sides of the scaffolding to insure the plank did not slide and fall through the inside of the scaffolding. Jesus People's expert maintained that spiking was not required by either State or Federal regulations and that spiking was not proper. Moreover, there was no proof that overhead protection was required for this scaffold (12 NYCRR 23-5.1 [i]), and it was uncontradicted that the scaffold planking complied with the pertinent regulation (12 NYCRR 23-5.1 [e]).

Plaintiff commenced this action against Jesus People and Tradesmen by service of a summons with notice on August 16, 1982; a complaint was served on October 28, 1982 alleging causes of action for common-law negligence and violations of Labor Law §§ 200, 240 (1) and 241. Jesus People asserted a

cross claim against Tradesmen, and Tradesmen cross-claimed against Jesus People. Immediately prior to trial, Tradesmen received a release from plaintiff and, accordingly, dropped their cross claim against Jesus People. The trial court dismissed the cross claim of Jesus People against Tradesmen.

During trial, counsel for Jesus People moved to dismiss the cause of action under Labor Law § 240 (1). The trial court reserved decision, but granted said motion at the close of the evidence. The jury returned a verdict of no cause of action in favor of Jesus People on the remaining causes of action and plaintiff filed this appeal. Jesus People cross-appealed the dismissal of its cross claim against Tradesmen.

Upon appeal, plaintiff's arguments concern the trial court's ruling with respect to the cause of action under Labor Law § 240 (1). In this regard, the trial court ruled that plaintiff failed to state a claim under Labor Law § 240 (1) based on its interpretation that the section only covers injuries resulting from a fall from scaffolding and not, as herein, when scaffolding falls on a worker. In rendering this decision, the trial court cited *DaBolt v Bethlehem Steel Corp.* (92 AD2d 70, *lv denied* and *appeal dismissed* 60 NY2d 701) and *Van Slyke v Niagara Mohawk Power Corp.* (93 AD2d 990, *affd* 60 NY2d 774), both cases in which the Fourth Department stated that Labor Law § 240 (1) "benefits only those persons injured by a *fall* from an elevated height due to a lack of, or defective, safety devices designed to prevent such a fall" *(Van Slyke v Niagara Mohawk Power Corp., supra,* p 991 [emphasis supplied]).

Initially, we note that the accidents in *DaBolt* and *Van Slyke* are factually distinguishable from the occurrence here. However, in any event, we are unable to adopt the Fourth Department's restrictive reading of the scope of the protection afforded by Labor Law § 240 (1).

In *DeHaen v Rockwood Sprinkler Co.* (258 NY 350), a case concerning a similar statutory section dealing with open shafts, the Court of Appeals read the applicable statute in the manner we would read Labor Law § 240 (1). In *DeHaen,* a radiator fell down the shaft of an unprotected hoistway and killed a man below. Judge Cardozo, writing for the court, stated that although the primary object of the statute was to protect workers from the hazard of falling into a shaft, "[w]e cannot say * * * that no other hazard was within the zone of apprehension" *(id.,* p 354). Rather, the Court of Appeals opined: "A safeguard has been commanded, but without dis-

tinct enumeration of the hazards to be avoided. In the revealing light of experience the hazards to be avoided are disclosed to us as the hazards that ensued" *(id.,* p 355). Just as the statutory section in *DeHaen,* designed to protect against workers falling down open shafts, was interpreted to cover injuries occasioned when a radiator fell down a shaft, so should Labor Law § 240 (1) be construed to cover the situation where a defective scaffold falls on a worker and injures him *(see, Mack v Altmans Stage Light. Co.,* 98 AD2d 468, 473; *see also, Dougherty v State of New York,* 113 AD2d 983).

Consequently, as there exists a factual issue with respect to whether "proper protection" was provided under Labor Law § 240 (1) *(cf. Zimmer v Chemung County Performing Arts,* 65 NY2d 513), the matter must be remitted for a new trial on this issue. In *Zimmer v Chemung County Performing Arts (supra)* the Court of Appeals concluded that the lack of *any* safety devices at the work site could not, as a matter of law, "establish 'proper protection', leaving for the jury only the question of whether the absence of safety devices was a proximate cause of plaintiff's injury" (p 524). Unlike the situation found to exist in *Zimmer,* defendant herein introduced evidence that the scaffolding furnished constituted proper protection for workers, thus creating an issue of fact.

Having reached this conclusion, we reinstate the cross claim of Jesus People insofar as it seeks indemnification against Tradesmen, the alleged contractor *(see, Shufelt v Niagara Mohawk Power Corp.,* 109 AD2d 67; *cf.* Siegel, NY Prac § 227, at 273). We note, however, that the claim for contribution should not be reinstated *(see, Shufelt v Niagara Mohawk Power Corp., supra; see also,* General Obligations Law § 15-108 [b]). Finally, we observe that issues of fact exist as to whether Tradesmen were the contractors and were supervising the construction of the project.

Judgment modified, on the law, without costs, by reinstating defendant Jesus People's cross claim insofar as it seeks indemnification; matter remitted to Trial Term for a new trial on the issue of liability under Labor Law § 240 (1); and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.