■ MARK DOUGHERTY et al., Appellants, v STATE OF NEW YORK, Respondent.—Mikoll, J. Appeals (1) from that part of an order of the Court of Claims (Hanifin, J.), entered October 12, 1984, which partially granted the State's motion for summary judgment dismissing the claim and denied claimant's

cross motion for partial summary judgment on the issue of liability, and (2) from an order of said court, entered January 2, 1985, which, upon reconsideration, reaffirmed its prior decision.

Claimant Mark Dougherty (hereinafter claimant) was engaged in the general repair and renovation of the Eldredge Street Bridge in Broome County when, on May 29, 1980, he sustained personal injuries as a result of a fall. The State was the owner of the bridge and the land under it. Claimant's employer was the general contractor.

On the morning in question, claimant had been instructed by his foreman to "grab a ladder" to tie previously exposed rebars on the bridge. Although scaffolding had been constructed to expose the rebars, it was removed prior to the time when claimant began his work. The accident occurred when, in preparing to tie rebars on the north side of the bridge column, claimant attempted to position the ladder on what he described as a 45-degree slope under the bridge. The slope was otherwise depicted as 26.2 degrees and it was surfaced with rectangular paving blocks, made slippery by debris which included "sand from sandblasting operations". After claimant fell, he slid approximately 10 to 15 feet down the slope. There was no eyewitness to the accident other than claimant.

Claimant and his wife brought this claim alleging, *inter alia,* violations of Labor Law § 240 (1). The Court of Claims, insofar as relevant, granted the State's motion to dismiss the claim based on Labor Law § 240 (1) and denied claimant's cross motion for partial summary judgment. The court granted claimant's motion for reconsideration but adhered to its original decision. Claimants appealed from both orders.

The Court of Claims erred when it held that Labor Law § 240 (1) requires that a claimant fall from an elevated height in order to come within the class for whose benefit the statute was enacted *(see, Smith v Jesus People,* 113 AD2d 980). The court incorrectly relied on *Van Slyke v Niagara Mohawk Power Corp.* (60 NY2d 774, *affd* 93 AD2d 990) and improperly reasoned that because the Court of Appeals summarily affirmed *Van Slyke,* a fall from an elevated height is a necessary element of a claim brought pursuant to Labor Law § 240 (1). The better view is that the Court of Appeals merely affirmed the holding of the *Van Slyke* case (i.e., that Labor Law § 240 [1] was inapplicable) and not its reasoning.

In *Van Slyke,* there are reasons other than the absence of a fall from an elevated height which could have rendered Labor

Law § 240 (1) inapplicable. The plaintiff there was "installing telecommunications equipment on a utility pole" *(Van Slyke v Niagara Mohawk Power Corp., supra,* p 775) and arguably not involved "in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Labor Law § 240 [1]; *see, Connors v Boorstein,* 4 NY2d 172, 174-175; *see also, Beavers v Hanafin,* 88 AD2d 683, 683-684). Moreover, it was the construction industry overall which was deemed inherently hazardous, not simply one mode of injury *(see, Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 298; *see also, Zimmer v Chemung County Performing Arts,* 65 NY2d 513).

Labor Law § 240 (1) "is to be liberally construed to accomplish its beneficent purpose; that is, the better protection of workmen engaged in certain dangerous employments" *(Bohnhoff v Fischer,* 210 NY 172, 174). Of course, a person must be engaged in one of the enumerated activities in order to come within the class for whose benefit the statute was enacted *(see, DeHaen v Rockwood Sprinkler Co.,* 258 NY 350, 353-354; *Wingert v Krakauer,* 76 App Div 34, 40).

Here, it is not disputed that the bridge claimant was repairing is a structure within the meaning of Labor Law § 240 (1) *(see, Flanagan v Carlin Constr. Co.,* 134 App Div 236, 237-238; *see also, Ploof v B.I.M. Truck Serv.,* 53 AD2d 750, 751). Claimant clearly was a member of the protected class. Consequently, the State is absolutely liable for his injuries if its violation of Labor Law § 240 (1) was the proximate cause thereof *(Haimes v New York Tel. Co.,* 46 NY2d 132).

The Court of Claims further erred when it found proximate cause lacking as a matter of law. The court found that claimant was not tying rebars at the time of the accident, but was erecting the ladder in order to position himself to tie rebars; the court thus held that the lack of a proper safety device was not the cause of the accident. This was error. The fact that claimant had not boarded the ladder at the time of his injury is of no consequence, since placing and erecting the ladder was necessary and incidental to tying the rebars *(see, Ploof v B.I.M. Truck Serv., supra,* p 751; *see also, Smith v Jesus People, supra).* Further, there is no dispute that the job could have been performed safely by claimant had a scaffold been provided.

The State's further argument that claimant's actions were an intervening cause of his injury is unpersuasive. Had the State provided a scaffold, claimant would not have had to place the ladder on the slope. The duty to furnish the scaffold

was absolute and the State cannot escape liability by shifting the blame to claimant *(see, Derdiarian v Felix Contr. Co.,* 51 NY2d 308, 315-316).

Proximate cause is not lacking as a matter of law, but the Court of Claims correctly withheld summary judgment in favor of claimant since claimant's facts, although uncontroverted, are solely within his own knowledge *(see, Vermont Morgan Corp. v Ringer Enters.,* 92 AD2d 1020, 1021; *Utica Sheet Metal Corp. v Schecter Corp.,* 25 AD2d 928). Thus, a reversal is warranted only insofar as the Court of Claims granted the State summary judgment.

Finally, we note that the order entered January 2, 1985 superseded the order entered October 12, 1984 and, therefore, brings up for review all rulings contained therein. Accordingly, the appeal from the prior order should therefore be dismissed *(see, Marine Midland Bank v Fisher,* 85 AD2d 905; *see also, Council Commerce Corp. v Paschalides,* 92 AD2d 579).

Appeal from order entered October 12, 1984 dismissed, without costs.

Order entered January 2, 1985 modified, on the law, with costs to claimant, by reversing so much thereof as partially granted the State's motion for summary judgment; motion denied; and, as so modified, affirmed.

Mahoney, P. J., Main, Mikoll and Yesawich, Jr., JJ., concur; Harvey, J., dissents and votes to affirm in the following memorandum.

Harvey, J. (dissenting). I respectfully dissent.

My basic disagreement with the majority is my belief that Labor Law § 240 (1) has a more limited application. Both the Fourth Department in *DaBolt v Bethlehem Steel Corp.* (92 AD2d 70, *lv denied* 60 NY2d 701) and *Van Slyke v Niagara Mohawk Power Corp.* (93 AD2d 990, *affd* 60 NY2d 774) and the Second Department in *Mack v Altmans Stage Light. Co.* (98 AD2d 468) have held that a fall from an elevated height is a requirement for liability under the section. Although it is conceivable, in my opinion, that a compensable accident could occur other than a fall from an elevated height, it is necessary that the employee be at an elevated height. The majority cite cases involving Labor Law §§ 200 and 241 (6) which apply to all workers involved in construction. However, Labor Law § 240 (1) is designed to grant extra protection only for employees working at elevated heights. I agree with the Court of Claims that no liability exists under Labor Law § 240 (1) under the circumstances of this case because claimant had not

yet acquired the status of an employee working at an elevated height. The risk to which he was subjected was no different from that of other employees working at ground level. Defective or inadequate equipment as not the proximate cause of the accident *(see, Mack v Altmans Stage Light. Co., supra)*.

I would affirm.