■ MICHELLE M. PLOUFFE, Respondent, v KEVIN C. ROGERS, Appellant.—Yesawich, Jr., J. Appeal from that part of an order of the Supreme Court (White, J.), entered December 15, 1987 in Fulton County, which denied defendant's cross motion for summary judgment dismissing the complaint.

As a result of a two-car collision which occurred on May 18, 1986, plaintiff, according to her treating physician, ostensibly suffered a severe sprain and strain of the left paracervical muscle area, severe myalgia, and limitation of motion of the cervical spine, left arm, left shoulder and right leg. Plaintiff's vehicle, leased from General Motors Acceptance Corporation (hereinafter GMAC), was destroyed in the accident and, as a result, GMAC exercised its early termination option to accelerate the payments due under the lease upon total destruction of the vehicle, which payments and penalties amounted to

some $4,844 more than it received from plaintiff's automobile insurance carrier.

Suit was commenced by plaintiff to recover personal injury and property damages sustained as a result of the accident, including the early termination charges and her $500 insurance deductible. In due course, plaintiff moved for partial summary judgment on the issue of defendant's negligence and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court denied both motions; defendant appeals.

To obtain summary judgment, a movant must establish by evidentiary proof in admissible form that it is entitled to a directed judgment as a matter of law (*Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067-1068). To support his claim that plaintiff had not sustained a "serious injury" as defined by Insurance Law § 5102 (d), defendant submitted his attorney's affidavits which incorporated, *inter alia,* unsworn medical reports, uncertified hospital records and plaintiff's deposition. While an attorney's affidavit is usable as a vehicle for submission of admissible evidentiary proof (*Zuckerman v City of New York,* 49 NY2d 557, 563), Supreme Court quite properly ruled that unsworn medical reports may not be so considered (*see, Pollard v Brown,* 127 AD2d 882, 883). Contrary to defendant's suggestion, the fact that the medical reports were obtained from plaintiff in the course of discovery does not render their contents admissions by plaintiff.

Defendant's contention that any deficiencies in his proof were cured by plaintiff's submission of her treating physician's affidavit is unavailing, for the doctor's finding that plaintiff continues to endure a 20% loss of normal rotation of the cervical spine and his prognosis of anticipated permanent disability of 30% makes clear that an issue of fact exists with regard to whether plaintiff experienced a serious injury (*see, Amodeo v Pitcher,* 125 AD2d 850, 851). Unlike *Lowe v Bennett* (122 AD2d 728, 729, *affd* 69 NY2d 700), relied upon by defendant, the conclusions of plaintiff's physician find support in the record and, rather than being speculative, are based upon examinations conducted over a long course of treatment (*cf., supra,* at 730). Finally, plaintiff's deposition, while adding little to her claim of serious injury, does not, as a matter of law, prove the absence of one.

With regard to plaintiff's second cause of action, which seeks compensation for early termination charges due under her car lease and beyond insurance payments made to GMAC, defendant, citing *Silvernail v Hallenback* (33 Misc 2d 83, 85),

asserts that his conduct cannot be considered the proximate cause of the early termination charges because GMAC had the option of aborting the lease upon destruction of the automobile and that this constituted an intervening force. Proximate cause, however, is an issue that turns on the facts of the particular case (see, O'Neill v City of Port Jervis, 253 NY 423, 433). Furthermore, an intervening act insulates a negligent defendant from liability only when it could not have been reasonably anticipated by the defendant (see, Lillie v Thompson, 332 US 459, 461-462; Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 520-521; see also, Monell v City of New York, 84 AD2d 717, 718). On this record, it cannot be said, as a matter of law, that it was unforeseeable that collision with a leased car would result in damages exceeding the book value of the car. Moreover, the $4,844 figure is derived from a number of sources, e.g., unpaid lease payments, penalties and excess mileage, some of which may flow naturally from defendant's negligence while others may not. Consequently, summary judgment may not be granted on this cause of action.

Lastly, defendant pleads payment in defense of the third cause of action whereby plaintiff seeks to recover her $500 deductible. But proof of payment to plaintiff has not been shown. All the record purports to establish is that defendant's carrier paid the $500 deductible to plaintiff's carrier, not that plaintiff herself was paid. And there is no evidence that plaintiff's carrier was acting as plaintiff's agent when it requested plaintiff's deductible from defendant's carrier.

Order affirmed, with costs. Kane, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.