■ PATRICIA A. RAPP, Appellant, v KAREN L. SURIANO, Respondent.—Mahoney, P. J. Appeal from an order of the Supreme Court (Lynch, J.), entered September 15, 1989 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

On August 6, 1986, an automobile owned and operated by defendant collided with a vehicle being operated by plaintiff at the intersection of Broadway and Melrose Street in the Town of Rotterdam, Schenectady County. As a result of injuries sustained in the collision, plaintiff was taken to the hospital where she was treated for a concussion, a laceration to her lip, pain in her lower back and swelling to her left shoulder.

Plaintiff commenced this action on October 5, 1987 alleging that she had sustained a serious injury as a result of the accident. On May 15, 1989, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a "serious injury" within the meaning of Insurance Law § 5102 (d). Supreme Court granted defendant's motion and dismissed the complaint, finding that plaintiff failed to provide any proof other than conclusory statements contained in her doctor's affidavit that plaintiff's injuries were permanent in nature or otherwise satisfied the definition of serious injury. We reverse.

To obtain summary judgment dismissing the complaint on the ground that plaintiff did not sustain a "serious injury" within the meaning of the Insurance Law, a defendant has the burden of establishing by proof in admissible form a defense that would warrant the court as a matter of law to direct a judgment in the defendant's favor *(La Frenire v Capital Dist. Transp. Auth.,* 96 AD2d 664, 665). Here, defendant submitted in support of her motion for summary judgment, *inter alia,* an

attorney's affidavit and an unsworn medical report.* Defendant's attorney is not qualified to render medical opinions and the medical report is unsworn hearsay (see, Armstrong v Wolfe, 133 AD2d 957, 958). Thus, it is clear that defendant failed to produce evidentiary proof in admissible form to substantiate her allegations. In the absence of sufficient proof, defendant's motion should have been denied.

Order reversed, on the law, without costs, and motion denied. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Mercure, JJ., concur.

---

* Defendant has submitted a sworn medical report in a supplemental record on appeal. At oral argument, plaintiff indicated that this sworn report was not before Supreme Court. Since the order appealed from, apparently prepared by defendant, fails to recite that this sworn report was presented in support of defendant's motion, we shall not consider it.