HENRY M. CARRINGI, JR., Appellant, v INTERNATIONAL PAPER COMPANY, Respondent.

Third Department, December 17, 1992

APPEARANCES OF COUNSEL

*Collins, Collins & DiNardo, P. C.,* Buffalo *(Frank J. Dolce* and *Steven L. Kantor* of counsel), for appellant.

*Thuillez, Ford, Gold & Conolly,* Albany *(Michael J. Hutter* and *Craig Gallagher* of counsel), for respondent.

**OPINION OF THE COURT**

CASEY, J.

Plaintiff, an ironworker employed at a construction project

owned by defendant, was directed to assist other workers in the assembly of the boom sections of a mobile truck crane. During the course of this work, plaintiff, who was standing at ground level on one side of the boom, inserted a large hardened "hog line" pin in its proper place on the boom, and another worker inserted a smaller, softer connecting bar on the other side of the boom. The crane operator then moved the "heel" section of the crane horizontally to line up the remaining holes, and the connecting bar sheared, causing the "heel" and boom sections to shake, which dislodged the heavy crane cable at the top of the boom. The cable fell and struck plaintiff on the head. Plaintiff, who was wearing a hard hat and safety goggles, was dazed by the blow and sustained a contusion to his face.

Although plaintiff sought no medical treatment other than first aid at the site and returned to work, he apparently developed a lesion on his face in the same spot where he had been injured. Several months after the accident he consulted a surgeon who diagnosed the lesion as basal cell carcinoma. Treatment of the cancerous growth required surgery and postoperative radiation therapy.

This action seeks to recover damages from defendant based upon alleged violations of Labor Law § 240 (1) and § 241 (6). Shortly before the scheduled trial date, plaintiff moved to add another medical expert to his expert witness response (see, CPLR 3101 [d]). Plaintiff also moved for partial summary judgment on the issue of defendant's liability under Labor Law § 240 (1). Defendant cross-moved for summary judgment dismissing the complaint. Supreme Court denied plaintiff's motions and granted defendant's cross motion, resulting in these appeals by plaintiff.

■ When work entails an elevation-related risk and the workers are provided with one of the devices listed in Labor Law § 240 (1), the statute requires that the device "be so constructed, placed and operated as to give proper protection to" the workers (Ross v Curtis-Palmer Hydro-Elec. Co., 180 AD2d 385, 388). In the absence of an elevation-related risk, however, Labor Law § 240 (1) is inapplicable (Rocovich v Consolidated Edison Co., 78 NY2d 509). Elevation-related risks covered by the statute "are those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation

level where the worker is positioned and the higher level of the materials or load being hoisted or secured" *(supra,* at 514).

The mere fact that a worker was struck by a falling object does not establish a violation of Labor Law § 240 (1), for this Court has refused to adopt such a rigid formula *(see, Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 389-390). Focusing on the presence or absence of an elevation-related risk as defined by the Court of Appeals in *Rocovich v Consolidated Edison Co. (supra),* we conclude that the work being performed by plaintiff did not entail such a risk. There is no evidence that the required work was elevated. On the contrary, it appears that the crane was being assembled at ground level, creating no elevation difference between the level of the required work and a lower level. The cable which struck plaintiff apparently was above the workers, but it was not directly involved in the work being performed by plaintiff when the injury occurred, and there is no evidence that any of the required work was performed at an elevated level. Nor was plaintiff or any other worker positioned at a lower level than any materials or load being hoisted or secured. In these circumstances, the assembly of the crane, which was done at ground level, entailed no elevation-related risk requiring the provision of any of the devices listed in Labor Law § 240 (1) *(see, Rocovich v Consolidated Edison Co., supra; cf., Pritchard v Murray Walter, Inc.,* 157 AD2d 1012 [Labor Law § 240 (1) was violated when a worker, who was provided with no safety device, fell from a 30-foot height while dismantling a scaffold]; *Struble v John Arborio, Inc.,* 74 AD2d 55 [Labor Law § 240 (1) was violated when a worker fell from an elevated catwalk while dismantling a crane]).

We reject plaintiff's contention that the case at bar is similar to *Smith v Jesus People* (113 AD2d 980), wherein this Court upheld a Labor Law § 240 (1) claim by a worker who was struck by a plank that fell from a scaffold while the scaffold was being moved from one location to another. The scaffold was clearly a device listed in the statute and this Court held that the statutory "proper protection" requirement extended not only to the hazard of a worker falling from the elevated work site, but also to the hazard of a defective scaffold falling on a worker *(supra,* at 983), both of which are elevation-related risks inherent in any work which requires a scaffold. The holding in *Smith v Jesus People (supra)* is inapplicable where, as here, the required work consists of the ground level assembly of equipment which cannot be used as

one of the devices contemplated by Labor Law § 240 (1) until the assembly is completed.

■ Plaintiff alleges that a "hog line" pin should have been used instead of the smaller, softer connecting bar and that the crane cable should have been secured to the boom during the assembly process. In the absence of an elevation-related risk as defined by the Court of Appeals in *Rocovich v Consolidated Edison Co. (supra)*, these allegations, which at best suggest that an improper procedure was used in assembling the crane, are sufficient to state a cause of action based upon Labor Law § 241 (6), not Labor Law § 240 (1) *(see, La France v Niagara Mohawk Power Corp.,* 89 AD2d 757, *appeal dismissed* 58 NY2d 747)*. Accordingly, although Supreme Court correctly granted defendant's motion for summary judgment as to plaintiff's Labor Law § 240 (1) claim, the court erred in dismissing plaintiff's Labor Law § 241 (6) claim. Based upon our review of the record we conclude that a question of fact exists as to whether the procedure employed in assembling the crane was improper and violated Labor Law § 241 (6).

■ Defendant contends that it is entitled to summary judgment dismissing the entire complaint on the issue of proximate cause. We agree with defendant that the unsworn letters or reports of plaintiff's experts and uncertified medical records are of no probative value *(see, Grasso v Angerami,* 173 AD2d 981, 982, *affd* 79 NY2d 813; *Plouffe v Rogers,* 144 AD2d 218, 219). Nevertheless, we conclude that defendant is not entitled to summary judgment. In support of its motion, defendant submitted an affirmation of a medical expert who stated that he had reviewed the relevant records and was of the opinion that plaintiff's basal cell carcinoma was not caused by the accident. In the absence of any attempt to articulate the factual basis for this opinion or to explain the coincidental occurrence of the cancerous growth at the very site of the trauma within a short time thereafter, we conclude that the expert's assertion is wholly conclusory and devoid of evidentiary value *(see, Dixon v Freuman,* 175 AD2d 910, 911; *Jehle v Hertz Corp.,* 174 AD2d 812, 813). Defendant, therefore, is not entitled to summary judgment on the proximate cause issue.

■ The remaining issue concerns plaintiff's motion to add another medical expert to his expert witness response. CPLR 3101 (d) authorizes the relief requested by plaintiff "for good cause shown". The proposed additional expert has expertise in the area of causal relationship between trauma and carcinoma and plaintiff's counsel asserts that he did not learn of the

expert until shortly before he moved to add the expert to plaintiff's expert witness response. There is no evidence of intentional or willful nondisclosure by plaintiff and defendant has not demonstrated any prejudice. In these circumstances, plaintiff's motion to add the expert should be granted *(see, Lillis v D'Souza,* 174 AD2d 976, *lv denied* 78 NY2d 858).

MIKOLL, J. P., CREW III, MAHONEY and HARVEY, JJ., concur.

Ordered that the order entered December 13, 1991 is modified, on the law, without costs, by deleting the second and third decretal paragraphs thereof; the following provision is substituted therefor: "Ordered that defendant's cross motion for summary judgment dismissing the complaint is granted insofar as the complaint seeks recovery on the basis of Labor Law § 240 (1) and the cross motion is otherwise denied;" and, as so modified, affirmed.

Ordered that the order entered December 20, 1991 is reversed, on the law and the facts, without costs, and motion granted.