■ PAMELA A. DUDEK, Plaintiff, and DANIEL M. DUDEK et al., Appellants, v LAURENCE M. SINISI, Respondent. [605 NYS2d 531] —White, J. Appeals (1) from an order of the Supreme Court (Plumadore, J.), entered July 17, 1992 in Franklin County, which, *inter alia,* partially granted defendant's motion for summary judgment dismissing the complaint, and (2)

from an order of said court, entered September 3, 1992 in Franklin County, which denied plaintiffs' motion for reconsideration by plaintiffs Daniel M. Dudek and Joan A. Dudek.

On January 26, 1990, plaintiff Daniel M. Dudek and his daughter, plaintiff Pamela A. Dudek, were sitting in a vehicle when it was struck in the rear by a vehicle operated by defendant. This negligence action, which included a derivative claim for plaintiff Joan D. Dudek, was commenced to recover damages for the injuries they sustained. Following completion of discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court partially granted the motion by dismissing the complaint of Daniel Dudek and Joan Dudek. The court found that Daniel Dudek did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

A defendant moving for summary judgment has the initial burden of coming forward with admissible evidence reciting the material facts and showing that the cause of action has no merit (see, GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965; La Frenire v Capital Dist. Transp. Auth., 96 AD2d 664). Here, defendant submitted his attorney's affidavit which incorporated the pleadings, pretrial deposition testimony and Daniel Dudek's "no-fault" file containing an uncertified hospital record. This latter submission did not satisfy defendant's burden as an uncertified hospital record is not admissible evidence (see, Guiher v South Buffalo Ry. Co., 190 AD2d 997; CPLR 4518 [c]). In addition, Daniel Dudek's testimony at his pretrial deposition does not indicate that his injury was less than required under Insurance Law § 5102 (d). Hence, defendant's motion should have been denied in all respects (see, Rapp v Suriano, 162 AD2d 837; Plouffe v Rogers, 144 AD2d 218). This disposition renders the appeal from the order entered on September 3, 1992 academic.

Weiss, P. J., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the order entered July 17, 1992, is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion as to plaintiffs Daniel M. Dudek and Joan A. Dudek; motion denied to that extent; and, as so modified, affirmed. Ordered that the appeal from order entered September 3, 1992 is dismissed, as academic, without costs.