■ SHARON SCACCIA et al., Respondents, v HENRY A. DE-GENER et al., Appellants. [615 NYS2d 512] —Casey, J. Appeal from an order of the Supreme Court (Travers, J.), entered May 27, 1993 in Rensselaer County, which denied defendants' motion for summary judgment dismissing the complaint.

Defendants contend that this Court should abandon its line of cases which hold that an unsworn medical report of a physician is hearsay and therefore inadequate to support a motion for summary judgment *(see, e.g., Rapp v Suriano,* 162 AD2d 837, 838; *Plouffe v Rogers,* 144 AD2d 218, 219). According to defendants, when a plaintiff's physician prepares a medical report, the physician is acting as the plaintiff's agent and, therefore, the report is admissible pursuant to the agency exception to the hearsay rule, which recognizes that an admission made by an agent within the scope of his authority is receivable against his principal as an admission *(see,* Richardson, Evidence § 253, at 220 [Prince 10th ed]).

"[A]gency is a fiduciary relationship which results from a manifestation of consent by one person [that another person] shall act on his behalf and subject to his control, and the consent by the other to act" *(Meese v Miller,* 79 AD2d 237, 241). A physician-patient relationship arises "when professional services are rendered and accepted by another person for purposes of medical or surgical treatment" *(Heller v Peekskill Community Hosp.,* 198 AD2d 265). Considering the differences between the relationship of a principal and an agent and that of a patient and a physician, we conclude that the statements of a physician in a medical report concerning the patient are not admissions of the patient.

We also reject defendants' contention that the physician's uncertified and unsworn office records were sufficient to meet their burden as the proponents of the summary judgment motion *(see, Dudek v Sinisi,* 199 AD2d 800; *Plouffe v Rogers, supra).* Defendants failed to submit evidentiary proof in admissible form on the issue of serious injury sufficient to demonstrate their entitlement to judgment as a matter of law and, therefore, Supreme Court correctly denied their motion for summary judgment.

Cardona, P. J., Mikoll, Crew III and White, JJ., concur. Ordered that the order is affirmed, with costs.