■ RUSSELL P. THOMAS et al., Appellants-Respondents, v ROBERT K. LAUSTRUP, Defendant, and ESTATE OF DORIS G. LAUSTRUP, Respondent-Appellant. [800 NYS2d 238]—

Peters, J. Cross appeals from an order of the Supreme Court (Aulisi, J.), entered February 1, 2005 in Warren County, which, inter alia, partially granted the estate's motion for summary judgment dismissing the complaint.

On March 27, 1996, defendant Robert K. Laustrup (hereinafter Laustrup) contracted to sell the Tea Island Motel, situated in the Town of Lake George, Warren County, for the sum of $300,000. Since he jointly owned this hotel with his wife, Doris G. Laustrup, who was diagnosed with advanced dementia and Alzheimer's disease, he signed the aforementioned contract as

---

her attorney-in-fact pursuant to a power of attorney granted to him on May 18, 1995. The closing was scheduled to take place on or before April 5, 1996. By letter dated April 1, 1996, Laustrup informed plaintiffs that he wished to cancel the contract because he signed it without legal representation. Shortly thereafter, Laustrup's counsel informed plaintiffs, by letter dated April 16, 1996, that due to the contract's failure to include, among other things, the actual purchase price, its payment terms and the additional consideration discussed by the parties, it had no legal effect.

Plaintiffs immediately commenced this action for specific performance and thereafter filed a notice of pendency. The Laustrups' answer alleged numerous defenses which included claims of duress, gross overreaching, that the power of attorney was invalid due to Doris Laustrup's incompetency at the time of its execution and that Laustrup's use of such document to sign the disputed contract made it void. As a separate defense and counterclaim, the Laustrups asserted that they were fraudulently induced to sell the motel due to an abuse of a personal and confidential relationship.

In October 1997, Laustrup died, leaving his interest in the subject property to Doris Laustrup. In 2003, she died, leaving a testamentary trust to their children which included her interest in the Tea Island Motel. In an effort to satisfy the couple's respective estates, the administrator of Doris Laustrup's estate attempted to sell the motel, which was encumbered by the present action. Due to the lack of activity in this action and the lapse of the notice of pendency, the administrator moved, in November 2004, for summary judgment and the substitution of the estate for Doris Laustrup. It submitted numerous affidavits regarding Doris Laustrup's mental capacity which impacted upon the validity of the power of attorney used to execute the disputed contract on her behalf. Its proffer also included evidence that plaintiff Russell P. Thomas, one of the Laustrups' employees, was keenly aware of Doris Laustrup's dementia both at the time of the signing of the power of attorney and at the time that the contract was executed. Finally, evidence was proffered on the claims of both duress and fraudulent inducement. In opposition, plaintiffs submitted only the affidavit of their counsel, solely challenging the sufficiency of the estate's proffer on the issue of capacity.*

Supreme Court partially granted the estate's motion for summary judgment by dismissing the cause of action for specific

---

* Plaintiffs consented to the substitution of the estate for Doris Laustrup.

performance, but found the record "replete with inferences that . . . Doris G. Laustrup[ ] may have been incapacitated at the time that she allegedly executed the power-of-attorney on May 18, 1995." It also took judicial notice that it had appointed a guardian ad litem to represent Doris Laustrup's interests in an action which preceded her death. Finding factual issues to preclude an award of summary judgment on the issue of Doris Laustrup's capacity, it denied that portion of the motion. Both plaintiffs and the estate appeal.

The proponent of a motion for summary judgment must make a "prima facie showing of entitlement to judgment as a matter of law" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]) "by tender[ing] . . . evidentiary proof in admissible form" (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Only then will the burden shift to the opposing party to raise a material issue of fact (*see id.*). Focusing on the estate's proffer, we agree with plaintiffs that uncertified and unsworn medical records and evaluations concerning Doris Laustrup's capacity were insufficient to support the motion (*see Scaccia v Degener*, 207 AD2d 599, 599 [1994]; *Carringi v International Paper Co.*, 184 AD2d 137, 141 [1992]), and the remaining affidavits did not cure that deficiency to warrant a judgment on that issue as a matter of law. However, with respect to the cause of action seeking specific performance, we find that the estate's proffer of the contract, the unsigned mortgage notes and proof that there was no tender of any other document required therein or of an ability to tender the purchase price to be sufficient to shift the burden to plaintiffs. With only an affidavit of counsel challenging the issue of Doris Laustrup's capacity, we agree that plaintiffs failed to demonstrate that they were "ready, willing and able to perform on the original closing date" (*Mercer v Phillips*, 252 AD2d 900, 901 [1998]; *see Provost v Off Campus Apts. Co., II*, 211 AD2d 850, 851 [1995]).

Cardona, P.J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.