■ ROBERT T. FITZGIBBONS, JR., et al., Respondents, v OLYMPIA & YORK BATTERY PARK COMPANY et al., Appellants.— Order unanimously affirmed with costs. Memorandum: Supreme Court properly granted partial summary judgment to plaintiffs on the issue of liability on the cause of action

brought pursuant to Labor Law § 240 (1). That section is designed to protect workers, not only against the risk of falling from elevated heights, but also against the risk of being struck by falling objects (see, *Staples v Town of Amherst,* 146 AD2d 292; *Siragusa v State of New York,* 117 AD2d 986, 987, *lv denied* 68 NY2d 602; *see also, Rocovich v Consolidated Edison Co.,* 78 NY2d 509; *cf., Fox v Jenny Eng'g Corp.,* 122 AD2d 532, *affd* 70 NY2d 761). Although no one saw a falling object strike plaintiff Robert T. Fitzgibbons, Jr., the undisputed circumstantial evidence submitted by plaintiffs furnished only one reasonable explanation for plaintiff Robert Fitzgibbons' injuries: a metal angle, to which a cable and chain hoist were attached, fell and struck him on the head as he was operating the hoist. That evidence established that defendant Olympia & York Battery Park Company failed to meet its obligation under the statute to furnish or to erect hoists, blocks, or pulleys constructed so as to give proper protection to plaintiff Robert Fitzgibbons, who was employed in the construction of a building (see, Labor Law § 240 [1]). (Appeal from Order of Supreme Court, Erie County, Fudeman, J.—Summary Judgment.) Present—Denman, P. J., Boomer, Boehm, Fallon and Davis, JJ.