■ SCOTT BILDERBACK, Respondent, v AGWAY PETROLEUM CORPORATION, Appellant.—Mikoll, J. Appeal from an order of the Supreme Court (Smyk, J.), entered September 13, 1991 in Broome County, which granted plaintiff's motion for partial summary judgment.

The question before us on appeal is whether Supreme Court properly granted partial summary judgment to plaintiff on the issue of liability pursuant to Labor Law § 240 (1). At the time of the accident plaintiff was standing on the back of a forklift, which was lifting pallets bearing bags of sand from a flatbed truck, and was catapulted over the vehicle when it tipped forward causing him injuries. This court has consistently construed Labor Law § 240 (1) to protect workers engaged in dangerous employments. We have held that the statute im-

poses a duty on the contractor and owner to provide safety equipment to protect workers from hazards related to elevating themselves or their materials at the work site *(see, Smith v Jesus People,* 113 AD2d 980, 982-983). Violation of the statute results in absolute liability for injuries proximately caused as a result thereof *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 518-519). In *Rocovich v Consolidated Edison Co.* (78 NY2d 509), the Court of Appeals, in addressing the nature of the occupational hazards which the Legislature intended workers to be protected against, concluded that the devices enumerated in the statute all relate "to the effects of gravity * * * either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured" *(id.,* at 514).

Plaintiff was employed as a laborer by Richard Puglisi to sandblast and repaint a full storage tank. Puglisi had been hired by defendant to do the job. On the day of the incident, plaintiff was assisting Puglisi who was unloading sandbags from two flatbed trailers. The sand came in 100-pound bags which were loaded onto wooden pallets with 30 bags on each pallet. Puglisi used a small forklift with an operating capacity of 1,700 pounds to lift each pallet off the truck and to put them in a nearby storage area. Plaintiff and another worker were ordered to remove approximately 10 bags from each pallet to lighten the load so as to accommodate the capacity of the forklift. Several pallets of bags were removed and stored in this fashion. To add counterweight to the forklift, which appeared wobbly and unstable, plaintiff jumped on the back of the forklift, kneeling on the engine cover, directly behind the operator's seat and protective cage and held onto the cage. On the last pickup, as a pallet of sandbags was being lifted off the truck, the forklift tilted and fell forward, throwing plaintiff over the top of the cage and to the front of the lift where he landed on the bags and the forks sustaining injuries.

Defendant contends that Supreme Court erred in granting summary judgment to plaintiff in that plaintiff was not engaged in an activity covered by Labor Law § 240 (1). We disagree. Because the forklift was being used as a hoist to lift sacks of sandbags and the injury occurred because of the force of gravity upon the elevated load, the failure to supply an adequate hoisting device to protect plaintiff clearly violated Labor Law § 240 (1). The injury to plaintiff was attributable to the instability of the forklift in hoisting sand loads beyond its

capacity. Labor Law § 240 (1) requires that workers be provided with proper safety equipment under such circumstances.

Weiss, P. J., Levine, Crew III and Mahoney, JJ., concur. Ordered that the order is affirmed, with costs.