■ RICHARD SALZLER et al., Respondents, v NEW YORK TELEPHONE COMPANY, Appellant. [596 NYS2d 263] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Working from an aerial basket mounted on a truck owned by the Village of Arcade (Village), Richard Salzler (plaintiff), a Village employee, installed a replacement transformer on a utility pole jointly owned by the Village and New York Telephone Company (defendant). After completing his work, plaintiff lowered the basket to its cradle on the truck and unbuckled his safety belt. Before plaintiff could dismount, a co-worker retracted the truck's outriggers, destabilizing it. The truck's emergency brake was defective, and the truck rolled downhill, colliding with another Village truck parked nearby. Plaintiff was thrown 12 feet to the ground and sustained injuries to his cervical spine.

Supreme Court properly granted plaintiff partial summary judgment on his Labor Law § 240 (1) cause of action. Plaintiff was injured immediately after installing a transformer on a utility pole, which is a structure within the meaning of the statute (see, Lewis-Moors v Contel of N. Y., 78 NY2d 942, 943; Dedario v New York Tel. Co., 162 AD2d 1001, 1002-1003). Defendant, an owner of the pole, had a nondelegable duty to provide plaintiff with proper safety devices to protect him from the hazard of injury "in circumstances where there are risks related to elevation differentials" (Rocovich v Consolidated Edison Co., 78 NY2d 509, 514; see also, Staples v Town of Amherst, 146 AD2d 292; Heath v Soloff Constr., 107 AD2d 507). The aerial basket truck was the functional equivalent of a ladder (see, Drew v Correct Mfg. Corp., 149 AD2d 893, 894; see also, Koumianos v State of New York, 141 AD2d 189, 191; Kennedy v McKay, 86 AD2d 597, 598) and, therefore, was required to be "so constructed, placed and operated as to give proper protection" (Labor Law § 240 [1]). Its defective brakes resulted in a failure to protect plaintiff from injury, making defendant absolutely liable under Labor Law § 240 (1) for not

providing a safety device that provided proper protection *(see, Drew v Correct Mfg. Corp., supra; see also, Larmon v Sager,* 106 AD2d 704, 705-706). Alleged negligence of a co-worker in lifting the outriggers prematurely is no defense to liability *(see, Klien v General Foods Corp.,* 148 AD2d 968).

We reject defendant's contention that Supreme Court should have dismissed plaintiff's Labor Law § 241 (6) cause of action. Plaintiff's injuries were sustained in construction work, and his remedy comes within the purview of that section *(see, Dedario v New York Tel. Co., supra,* at 1003; *see also, Mosher v State of New York,* 80 NY2d 286). Defendant's lack of supervision or control of the work does not immunize it from liability *(see, Celestine v City of New York,* 59 NY2d 938; *DaBolt v Bethlehem Steel Corp.,* 92 AD2d 70, *lv dismissed* 60 NY2d 554, 701).

Supreme Court, however, should have granted defendant's motion to dismiss the causes of action for common-law negligence and violation of Labor Law § 200. It is uncontroverted that defendant lacked supervisory control over plaintiff's work. Defendant is, therefore, not liable in negligence or under Labor Law § 200 *(see, Lombardi v Stout,* 80 NY2d 290, 295; *Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 299, *rearg denied* 45 NY2d 776; *Perischilli v Triborough Bridge & Tunnel Auth.,* 16 NY2d 136, 145, *rearg denied* 16 NY2d 883). The order of Supreme Court is modified by granting partial summary judgment to defendant dismissing plaintiff's first and second causes of action. (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Callahan, J. P., Green, Fallon, Boomer and Boehm, JJ.