■ ELIZABETH L. SMULLENS, Respondent, v LAWRENCE MAC VEAN et al., Appellants. (And Another Related Action.) [608 NYS2d 877] —Mikoll, J. Appeal from that part of an order of the Supreme Court (White, J.), entered November 6, 1992 in Fulton County, which granted plaintiff's cross motion to amend her bill of particulars.

The complaint in this action seeks money damages from defendants for their entry upon plaintiff's property without permission and the destruction of the wooden fence marking

the boundary line between adjoining property of plaintiff and defendants. Defendants answered and moved to dismiss the action (CPLR 3211 [a] [1] [on documentary evidence, viz., the deed]) and for leave to amend their answer to add counterclaims for a declaratory judgment and injunction. Plaintiff cross-moved to amend her bill of particulars to specifically state that her claim for damages is based upon the doctrine of acquiescence. Supreme Court, *inter alia,* granted plaintiff's motion to amend her bill of particulars and this appeal by defendants followed.

In our view Supreme Court did not abuse its discretion in allowing plaintiff to amend her bill of particulars. The statements in plaintiff's bill of particulars demonstrate that a question of fact exists as to whether the parties concerned acquiesced in a fixed boundary represented by the fence for the statutory period required for adverse possession *(see, Markowski v Ferrari,* 174 AD2d 793, 794, *lv dismissed* 78 NY2d 1061). Supreme Court properly concluded that defendants were not prejudiced by the grant of this amendment *(see, U. S. Cablevision Corp. v Theodoreau,* 192 AD2d 835, 837; *see also, Sabol & Rice v Poughkeepsie Galleria Co.,* 175 AD2d 555, 556).

Cardona, P. J., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.