■ WILBUR McCLOUD et al., Appellants, v ROCHESTER GAS & ELECTRIC CORPORATION, Respondent. [611 NYS2d 410] —Order modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff Wilbur McCloud sustained injury when the metal cap on top of the utility pole he was removing dislodged and struck him on the head. The work necessary to prepare the pole for its removal by plaintiff had been performed by defendant's crew at a height of over 20 feet.

Supreme Court erred in denying plaintiffs' motion for partial summary judgment on the cause of action alleging defendant's violation of Labor Law § 240 (1) and in dismissing that cause of action. The pole is a structure within the meaning of the statute *(see, Lewis-Moors v Contel of N. Y.,* 78 NY2d 942, 943; *Salzler v New York Tel. Co.,* 192 AD2d 1104; *Dedario v New York Tel. Co.,* 162 AD2d 1001, 1002-1003). Defendant, the owner of the pole, had a nondelegable duty to provide proper safety devices to protect workers from injury "in circumstances where there are risks related to elevation differentials" *(Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514; *see also, Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Salzler v New York Tel. Co., supra),* including the risk of being struck by falling objects *(see, Fitzgibbons v Olympia & York Battery Park Co.,* 182 AD2d 1069, 1070). Plaintiffs are entitled to summary judgment on the issue of liability under Labor Law § 240 (1) because the proof establishes that plaintiff's injuries resulted from an object falling from an elevated worksite *(cf., Ruiz v 8600 Roll Rd.,* 190 AD2d 1030; *Carringi v International Paper Co.,* 184 AD2d 137; *Krencik v Towne Red Hots,* 171 AD2d 1033).

All concur except Callahan and Boehm, JJ., who dissent in

part and vote to affirm for reasons stated in decision at Supreme Court, Siracuse, J. (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.—Labor Law § 240.) Present—Green, J. P., Balio, Fallon, Callahan and Boehm, JJ.