(August 18, 1994)

█ KENNETH J. TAMBASCO, SR., Respondent, v NORTON COMPANY, Defendant and Third-Party Plaintiff-Respondent-Appellant. HALLAMORE CORPORATION, Third-Party Defendant-Appellant-Respondent. [615 NYS2d 539] —Mikoll, J. Cross appeals from an amended order of the Supreme Court (Kahn, J.), entered May 13, 1993 in Albany County, which, inter alia, granted plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) and granted third-party plaintiff's cross motion for summary judgment against third-party defendant.

In August 1989 plaintiff, a millwright employed by third-party defendant, Hallamore Corporation (hereinafter Hallamore), was injured during the course of his employment. On the date of the injury, plaintiff and other employees of Hallamore were instructed to dismantle a "mixer shed" located within a warehouse and carry it by a forklift truck out of the warehouse to a different warehouse located at a manufacturing complex owned by defendant, Norton Company (hereinafter Norton). After moving the mixer shed 10 to 15 feet with the forklift truck, it was determined that the shed would not fit through the warehouse door while upright. Accordingly, Hallamore directed that the shed be slowly let down and tilted on its side, placed onto a cart and wheeled out of the building. In order to tilt the mixer shed from the forklift onto the cart, plaintiff got on top of the forklift truck with a "come-a-long" cable (a winch-like instrument); he then attached one end of the cable to the roof of the mixer shed and the other end to the forklift truck so as to use the truck as a fulcrum. Attempting to winch the structure onto its side, the forklift operator started lowering the mast of the truck while plaintiff, standing on the roof of the truck, let out slack on the cable while other workers guided the shed. The truck engine was then turned off. In the course of doing this, plaintiff lost his balance, stepped forward and caught his left foot in the mast of the forklift, resulting in the injury.

Plaintiff commenced this action against Norton asserting common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). Norton answered and commenced a third-party action against Hallamore for indemnification. After the completion of discovery, plaintiff moved for partial summary judgment against Norton on the Labor Law § 240 (1) issue. Norton opposed the motion and cross-moved for summary judgment dismissing plaintiff's causes of action based upon common-law negligence and violations of Labor Law §§ 200 and 240 (1), and alternatively sought indemnification against Hallamore. Supreme Court granted plaintiff's motion and denied Norton's cross motion, except to the extent of awarding Norton indemnification against Hallamore. Hallamore appeals and Norton cross-appeals from this amended order.

Norton and Hallamore contend on this appeal that plaintiff's accident was not caused by the type of elevation-related risk contemplated by Labor Law § 240 (1). We agree. It is well settled that the purpose of Labor Law § 240 (1) is to protect " 'workers by placing "ultimate responsibility for safety prac-

tices at building construction jobs where such responsibility actually belongs, on the owner and general contractor" * * * instead of on workers, who "are scarcely in a position to protect themselves from accident" ' " *(Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 513, quoting *Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 520, quoting *Koenig v Patrick Constr. Co.,* 298 NY 313, 318; *see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 500). However, in *Rocovich v Consolidated Edison Co. (supra,* at 514), the Court of Appeals dealt with the breadth of the provision in question and the nature of the occupational hazards intended to be covered by the statute, stating: "The contemplated hazards are those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured."

Later, in *Ross v Curtis-Palmer Hydro-Elec. Co. (supra,* at 501), the Court of Appeals observed: "Labor Law § 240 (1) was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker *from harm directly flowing from the application of the force of gravity to an object or person.* The right of recovery afforded by the statute does not extend to other types of harm, even if the harm in question was caused by an inadequate, malfunctioning or defectively designed scaffold, stay or hoist" (emphasis in original).

In our view, the portion of the amended order which granted summary judgment in favor of plaintiff on his Labor Law § 240 (1) cause of action must be reversed. We find that the activity engaged in by plaintiff at the time of his injury was not an elevation-related risk of the kind intended to be covered by Labor Law § 240 (1) *(see, supra,* at 500; *see also, Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514-515, *supra; Bloomfield v General Elec. Co.,* 198 AD2d 655, 657-658; *Carringi v International Paper Co.,* 184 AD2d 137, 139-140). At the time of plaintiff's injury, the side of the shed was touching the ground and the hydraulics of the forklift were not engaged to hoist the shed above the ground. The come-a-long device was attached to the top of the shed and to the back of the forklift so that the shed could be moved or guided onto the cart. In working the come-a-long device while standing on top of the forklift, plaintiff stepped forward causing his left foot to

become caught in the mast of the forklift. The instant factual situation differs from the circumstances in *Bilderback v Agway Petroleum Corp.* (185 AD2d 372, *lv dismissed* 80 NY2d 971). The forklift here was not being used to hoist materials or loads at the time of the accident. Rather, the use of the forklift was only tangentially related to the effects of gravity *(see, Ross v Curtis-Palmer Hydro-Elec. Co., supra,* at 501). The harm here did not flow directly from the application of the force of gravity to an object or to a person *(see, supra).*

Addressing next the denial of Norton's cross motion for summary judgment on the Labor Law § 200 and common-law negligence claims, we find that Supreme Court erroneously found questions of fact to exist. The evidence before us does not establish that Norton exercised the requisite supervision and control to be subject to the provisions of Labor Law § 200 or common-law negligence. Both Carl Conklin, an engineer working for Norton at the time of the accident, and John McGaughnea, Norton's manager of industrial relations, testified that Hallamore was hired as a specialty contractor to move machinery and equipment and that only Hallamore instructed its employees concerning the manner in which the work should be performed. Hallamore provided its own equipment, including the subject forklift. Despite Conklin's testimony that he was at the worksite approximately twice a week, his duties were limited to the coordination of subcontractors concerning scheduling, completion of work orders and paying invoices.

Although the terms of the contract evidenced that Norton retained a contractual right to oversee the work of Hallamore and demand adherence to safety standards, including the right to discharge employees for noncompliance, we do not find that the retention of these general supervisory powers creates a question of fact sufficient to defeat summary judgment. Such retention "is insufficient to establish control so as to make a general contractor liable in negligence for the actions of a subcontractor" *(Dewitt v Pizzagalli Constr. Co.,* 183 AD2d 991, 993; *see, Fox v Jenny Eng'g Corp.,* 122 AD2d 532, *affd* 70 NY2d 761) when no act of negligence on the part of the general contractor has been alleged. Moreover, we note that pursuant to such contract, Hallamore was to furnish all equipment for its own work and was responsible for the implementation of all safety precautions *(see, Dewitt v Pizzagalli Constr. Co., supra,* at 993; *see also, Lawyer v Rotterdam Ventures,* 204 AD2d 878; *Aragon v 233 W. 21st St.,* 201 AD2d 353; *Curtis v 37th St. Assocs.,* 198 AD2d 62; *Comes v New York*

*State Elec. & Gas Corp.,* 189 AD2d 945, *affd* 82 NY2d 876). Hence, we find that Norton's activities do not "render it actively negligent inasmuch as this sort of activity does not bespeak supervision of the kind which would render a property owner liable at common law for the injuries sustained by plaintiff at the worksite" *(Aragon v 233 W. 21st St., supra,* at 354).

Finally, we disagree with Hallamore that summary judgment on the common-law and contractual indemnity claim was inappropriately granted by Supreme Court. The grant of common-law indemnification is appropriate where the defendant's role in causing the plaintiff's injuries is strictly passive and, consequently, the defendant's liability becomes purely vicarious *(see, Dunlap v United Health Servs.,* 189 AD2d 1072, 1074). Similarly, the grant of contractual indemnification was appropriate and did not run afoul of General Obligations Law § 5-322.1 where Hallamore failed to meet its burden of establishing some negligence on Norton's part in causing plaintiff's injuries *(see, Dewitt v Pizzagalli Constr. Co., supra,* at 993-994). As to all other contentions raised, we find them to be without merit.

Cardona, P. J., White and Weiss, JJ., concur.

Peters, J. (concurring in part and dissenting in part). I respectfully dissent from that portion of the majority decision which finds that the activity engaged in by plaintiff at the time of his injury was not the kind of elevation-related risk intended to be covered by Labor Law § 240 (1). I believe that the harm here followed directly from the application of the force of gravity to an object or person and that the forklift was being used as a hoist or pulley at the time of the accident.

The record reflects that plaintiff, standing atop the forklift truck, began pushing on the cable to release it to lower the partially elevated shed. When the taut cable released, it caused plaintiff's right foot to move forward and become caught in the mast mechanism. At that point, a portion of the mast abruptly descended to the end of its channel, fell six to nine feet, and landed on plaintiff's foot.

It is well established that Labor Law § 240 (1) must be construed liberally and that upon the breach thereof, absolute liability shall be imposed if the breach proximately caused the injury *(see, Gordon v Eastern Ry. Supply,* 82 NY2d 555, 559; *Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 513; *Quigley v Thatcher,* 207 NY 66, 68; *see also, Nichols v Deer Run Investors,* 204 AD2d 929).

Supreme Court, following our decision in *Bilderback v Agway Petroleum Corp.* (185 AD2d 372, *lv dismissed* 80 NY2d 971), properly found that defendant Norton Company failed to meet its obligation under the statute to furnish or erect a hoist or pulley so as to give proper protection to plaintiff and that such failure was the proximate cause of plaintiff's injuries *(see, Fitzgibbons v Olympia & York Battery Park Co.,* 182 AD2d 1069, 1070).

Ordered that the amended order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion and denied defendant's cross motion for summary judgment regarding the causes of action for common-law negligence and Labor Law §§ 200 and 240 (1); motion denied, cross motion granted and summary judgment dismissing said causes of action awarded to defendant; and, as so modified, affirmed.