[633 NYS2d 888]

JAMES SMITH, Respondent, v HOVNANIAN COMPANY, INC., Defendant and Third-Party Plaintiff. STROBER KING BUILDING SUPPLY CORPORATION, Third-Party Defendant-Appellant, et al., Third-Party Defendant.

Third Department, November 30, 1995

**APPEARANCES OF COUNSEL**

*Smith Mazure Director Wilkins Young Yagerman & Tarallo,*

P. C., New York City (*Corey A. Tavel* and *J. Jay Young* of counsel), for third-party defendant-appellant.

*Kaiser, Murray, Collier & Murphy,* Ellenville (*Franklin Ect, Jr.,* and *James J. Murray* of counsel), for respondent.

## OPINION OF THE COURT

CASEY, J.

Plaintiff was injured while he and his co-workers were delivering sheetrock to a construction site. The sheetrock was brought to the site on a flatbed truck which had an extension boom for lifting the sheetrock off the truck and maneuvering it into position to unload. While a co-worker was operating the extension boom, plaintiff's head became pinned between the sheetrock and the wall of a building.

Plaintiff commenced this action against defendant, as owner of the construction site, alleging violations of Labor Law § 240 (1) and § 241 (6). The complaint also alleged that defendant failed to provide a safe place to unload the sheetrock. Defendant commenced a third-party action against a subcontractor and plaintiff's employer, Strober King Building Supply Corporation. Following discovery and the filing of a note of issue, plaintiff obtained an adjournment and ultimately moved to amend and supplement his bill of particulars to include the particular regulatory provisions allegedly violated with respect to his Labor Law § 241 (6) cause of action, as required by the holding in *Ross v Curtis-Palmer Hydro-Elec. Co.* (81 NY2d 494, 501-505). Defendant and Strober opposed the motion, and Strober cross-moved for summary judgment dismissing the complaint. Supreme Court granted the motion and denied the cross motion, resulting in this appeal by Strober.

We agree with Strober that Supreme Court erred in failing to dismiss the Labor Law § 240 (1) cause of action. In *Ross v Curtis-Palmer Hydro-Elec. Co.* (*supra*, at 500-501), the Court of Appeals concluded that Labor Law § 240 (1) was designed to provide " 'exceptional protection' " for workers against " 'special hazards' ", which are "limited to such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured". Plaintiff neither fell from a height nor was he struck by a falling object. Rather, plaintiff was injured as a result of the horizontal movement of the load of sheetrock. Thus, regardless of whether the extension boom was operated so as to give proper protection to plaintiff, he has no Labor Law § 240 (1)

cause of action because his injury did not arise out of a "special hazard" (*see, Smith v New York State Elec. & Gas Corp.*, 82 NY2d 781).

▆▆ As to plaintiff's Labor Law § 241 (6) cause of action, a recent case establishes that "a plaintiff must show that the defendant breached a regulation containing specific commands and standards as opposed to one that merely incorporates the general common-law standard of care" (*Baird v Lydall, Inc.*, 210 AD2d 577, 578; *see, Ross v Curtis-Palmer Hydro-Elec. Co.*, *supra*, at 502-503; *Samiani v New York State Elec. & Gas Corp.*, 199 AD2d 796, 797). It was in response to this recent case law that plaintiff sought to amend and supplement his bill of particulars, and we see no basis to disturb Supreme Court's exercise of discretion in granting plaintiff's motion (*see, e.g., Smullens v Mac Vean*, 200 AD2d 807. Despite the delay, there has been no showing of the type of prejudice which would require denial of plaintiff's motion (*see, Smith v Industrial Leasing Corp.*, 124 AD2d 413).

▆ Plaintiff's reliance on 12 NYCRR 23-8.2 (c) (3) is, in our view, sufficient to sustain a Labor Law § 241 (6) cause of action. The regulation requires the use of "[a] tag or restraint line[s] * * * when rotation or swinging of any load being hoisted by a mobile crane may create a hazard". Strober argues that plaintiff's injury was not caused by the rotation or swinging of any load. The argument is meritless.

The regulation was clearly designed to protect workers from the hazards created by the horizontal movement of a load caused by a mobile crane. Plaintiff was injured when he was pinned between a wall and the load of sheetrock that was being unloaded from the truck with the extension boom. There is no claim that the truck was moving, and it is obvious that the wall did not move. Accordingly, it must have been the movement of the load of sheetrock that caused plaintiff to be pinned to the wall. The absence of vertical movement of the sheetrock is a factor in the dismissal of the Labor Law § 240 (1) cause of action, as previously discussed. It necessarily follows, therefore, that the sheetrock was moving horizontally, as a result of swinging or rotation caused by the extension boom. That such swinging or rotation posed a hazard to plaintiff can readily be inferred from the fact that the movement of the load of sheetrock pinned him to a wall and injured him. Given the evidence in the record, the question of whether the absence of the tag or restraint lines required by the regulation was a proximate cause of plaintiff's injuries, which were sustained when he was

pinned to the wall by the rotation of the load of sheetrock, cannot be resolved without resort to speculation. Summary judgment dismissing plaintiff's Labor Law § 241 (6) cause of action is, therefore, inappropriate.

■ Plaintiff's complaint alleges that the area where the sheetrock was to be unloaded was so cluttered with debris that there was no safe place to unload the sheetrock. Such an allegation is, in our view, sufficient to state a cause of action based upon a violation of the common-law safe place to work requirement (*see*, Labor Law § 200) despite the absence of any specific reference in the complaint to such requirement. The cross motion for summary judgment did not address plaintiff's safe place to work claim, and the record is insufficient to permit resolution as a matter of law of such issues as notice and control.

We note that Supreme Court's order contemplates the possibility of further discovery and permits Strober to renew its summary judgment motion upon completion of any additional discovery.

CREW III, J. (concurring in part and dissenting in part). As a starting point, I agree with the majority that plaintiff's cause of action under Labor Law § 240 (1) must be dismissed, as plaintiff's injury plainly does not fall within the class of elevation-related risks contemplated by the statute. Although plaintiff and the materials being lifted by the boom truck were indeed at different elevations, application of the force of gravity had absolutely nothing to do with plaintiff's accident (*see*, *Smith v New York State Elec. & Gas Corp.*, 82 NY2d 781; *Colopy v McCombs*, 203 AD2d 920). Neither the sheetrock nor the boom truck itself fell on plaintiff, and it was not gravity that caused plaintiff to become pinned between the building and the load of sheetrock (*compare*, *Bilderback v Agway Petroleum Corp.*, 185 AD2d 372, *lv dismissed* 80 NY2d 971).

With respect to plaintiff's Labor Law § 241 (6) cause of action, although I agree that it cannot be said that Supreme Court abused its discretion in permitting plaintiff to amend and supplement his bill of particulars in order to set forth the particular regulatory provisions allegedly violated, as required by *Ross v Curtis-Palmer Hydro-Elec. Co.* (81 NY2d 494), I am of the view that none of the provisions relied upon by plaintiff, including 12 NYCRR 23-8.2 (c) (3), may be invoked to sustain this cause of action. Accordingly, I believe that this cause of action should also be dismissed.

12 NYCRR 23-8.2 (c) (3) requires, *inter alia*, the use of a tag or restraint line when rotation or swinging of any load being hoisted by a mobile crane may create a hazard. In concluding that this regulation is applicable to the facts of this case, the majority reasons that inasmuch as the wall to which plaintiff was pinned could not move, and absent any indication that the boom truck itself moved, it must have been the swinging or rotating load of sheetrock that caused plaintiff to become pinned to the wall.

With all due respect to the majority, I believe that this premise is flawed in two respects. First, despite attempts to draw a comparison between the boom truck and a mobile crane, the record plainly reveals that the boom truck was nothing more than a long extension arm with a forklift attached to the end of it. As I read plaintiff's description of the truck and the unloading procedure, the arms of the forklift slide between "spacers" in the sheetrock, flip the load onto its side and maneuver it into position for unloading. With the arms of the forklift inserted between the spacers in the sheetrock in the fashion described by plaintiff, I fail to see how the load itself could swing or rotate out of position. Moreover, even assuming that this is theoretically possible, any assertion that plaintiff was struck by a "swinging object" is belied by his own examination before trial testimony, wherein plaintiff stated that when he became pinned by the sheetrock, he remained pinned to the side of the building for approximately one and one-half minutes until the boom truck operator "backed off" the extension arm, thereby releasing him. If the load truly swung or rotated out of position, it is difficult to discern how the load, previously in motion, could suddenly come to rest and pin plaintiff in the manner and for the period of time that it did.

Finally, assuming that plaintiff's assertion that he has a cause of action under Labor Law § 200 and the materials offered in support of this argument are properly before this Court, I nevertheless am of the view that plaintiff's submissions fail to set forth a cause of action under this provision. Accordingly, I would grant the cross motion for summary judgment dismissing the complaint in its entirety.

MIKOLL, J. P., WHITE and YESAWICH JR., JJ., concur with CASEY, J.; CREW III, J., concurs in part and dissents in part in a separate opinion.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied third-party defendant

Strober King Building Supply Corporation's cross motion for summary judgment dismissing plaintiff's Labor Law § 240 (1) cause of action; cross motion granted to that extent and said cause of action dismissed; and, as so modified, affirmed.