■ DONALD R. SMITH et al., Appellants-Respondents, v ROBERT BENDERSON et al., Doing Business as RB-3 ASSOCIATES, Respondents-Appellants, et al., Defendant. [639 NYS2d 600] ■

Defendants "had a nondelegable duty to provide proper safety devices to protect workers from injury 'in circumstances where there are risks related to elevation differentials' (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514; *see also, Gordon v Eastern Ry. Supply*, 82 NY2d 555; *Salzer v New York Tel. Co.* [192 AD2d 1104]), including the risk of being struck by falling objects (*see, Fitzgibbons v Olympia & York Battery Park Co.*, 182 AD2d 1069, 1070)" (*McCloud v Rochester Gas & Elec. Corp.*, 203 AD2d 923). "In other words, Labor Law § 240 (1) was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker *from harm directly flowing from the application of the force of gravity to an object or person.* The right of recovery afforded by the statute does not extend to other types of harm, even if the harm in question was caused by an inadequate, malfunctioning or defectively designed scaffold, stay or hoist" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501). The bucket in these circumstances was the functional equivalent of a hoist. The malfunctioning of the bucket resulted in a failure to protect plaintiff from injury, making defendants absolutely liable under Labor Law § 240 (1) for failure to provide safety devices or safeguards "so constructed, placed and operated as to give proper protection to a person so employed" (Labor Law § 240 [1]). Here, plaintiff was faced with the special risks contemplated by that statute (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra*, at 501).

All concur except Lawton, J. P., and Doerr, J., who dissent in part and vote to affirm in the following Memorandum.

Lawton, J. P., and Doerr, J. (dissenting in part). We respectfully dissent for reasons stated in the decision at Supreme Court and upon the authority of *Misseritti v Mark IV Constr. Co.* (86 NY2d 487) and *Rodriguez v Tietz Ctr. for Nursing Care* (84 NY2d 841; *see also, Abreu v Manhattan Plaza Assocs.,* 214 AD2d 526, *lv denied* 86 NY2d 707; *Genco v City of New York,* 211 AD2d 615, *lv denied* 85 NY2d 806; *Schreiner v Cremosa Cheese Corp.,* 202 AD2d 657). Consequently, we would affirm. (Appeals from Order of Supreme Court, Erie County, Gorski, J.—Labor Law.) Present—Lawton, J. P., Fallon, Doerr, Balio and Davis, JJ.