■ CLIFFORD GILL et al., Respondents, v SAMUEL KOSOFF & SONS, INC., Defendant and Third-Party Plaintiff. C & C INFRA RED, INC., Third-Party Defendant-Appellant. [645 NYS2d 650] —White, J. Appeal from an order of the Supreme Court (Demarest, J.), entered July 17, 1995 in St. Lawrence County, which, *inter alia*, granted plaintiffs' motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

On August 24, 1987, plaintiff Clifford Gill, an employee of third-party defendant, C & C Infra Red, Inc. (hereinafter C &

C), and a co-worker were installing a sectional boiler in the United States Post Office in the Village of Carthage, Jefferson County. Each section of the boiler weighed approximately 600 to 700 pounds and had to be placed upon a six-inch high equipment pad. To accomplish this task, Gill and his co-worker erected two tubular six-foot scaffold frames. A four-inch metal pipe, weighing between 50 and 100 pounds, was placed on top of and between the scaffold frames and then a chain fall was attached to the pipe so that the boiler sections could be hoisted over the six-inch equipment pad. As the last section was being hoisted, the metal pipe slipped from the top of the scaffold frame and fell, striking Gill in the back of the head.

Thereafter, Gill and his wife, derivatively, commenced this action asserting, *inter alia,* a cause of action predicated upon Labor Law § 240 (1) against defendant, the general contractor, which commenced a third-party action against C & C seeking contribution and/or indemnification. Ultimately, plaintiffs obtained summary judgment on their Labor Law § 240 (1) cause of action, prompting this appeal by C & C.

In *Rocovich v Consolidated Edison Co.* (78 NY2d 509), the Court of Appeals defined the scope of Labor Law § 240 (1) as encompassing only special hazards inherent in elevation-related tasks (*supra,* at 514). The Court again addressed the scope of Labor Law § 240 (1) in *Ross v Curtis-Palmer Hydro-Elec. Co.* (81 NY2d 494), wherein it stated that "Labor Law § 240 (1) was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker *from harm directly flowing from the application of the force of gravity to an object or person*" (*supra,* at 501 [emphasis in original]). Thus, the critical issue here is whether Gill's injury arises out of a special hazard within the contemplation of Labor Law § 240 (1) (*see, Smith v Hovnanian Co.*, 218 AD2d 68, 71).

In *Carringi v International Paper Co.* (184 AD2d 137), where the plaintiff was struck by a cable from a crane he was assembling at ground level, we found the statute inapplicable because the crane was not being used as one of the safety devices set forth in Labor Law § 240 (1) (*supra,* at 140-141). We reached the same conclusion where the forklift the injured plaintiff was using was not being employed as a hoist at the time of the accident (*see, Tambasco v Norton Co.*, 207 AD2d 618, 621, *lv dismissed* 85 NY2d 857). On the other hand, we found that Labor Law § 240 (1) provided coverage to a plaintiff who was utilizing a forklift as a hoist at the time of his injury (*see, Bilderback v Agway Petroleum Corp.*, 185 AD2d 372, 373, *lv dismissed* 80 NY2d 971).

In this case, it is undisputed that at the time of his injury, Gill was using a hoist, one of the safety devices enumerated in Labor Law § 240 (1). We further note that the statute imposes a nondelegable duty upon owners and contractors to construct safety devices so as to give proper protection to the persons using them (*see, Sardella v City of Schenectady*, 193 AD2d 914, 915). The failure of the unsecured pipe to remain in place during the hoisting maneuver is conclusive proof that this duty was not fulfilled. Therefore, since the hoist proved inadequate to shield Gill from harm directly flowing from the force of gravity upon the pipe carrying the load of the boiler, we find that Gill's injury arose out of a special hazard (falling object) within the contemplation of Labor Law § 240 (1) (*see, Sherman v Babylon Recycling Ctr.*, 218 AD2d 631, *lv dismissed* 87 NY2d 895; *Fitzgibbons v Olympia & York Battery Park Co.*, 182 AD2d 1069, 1070; *Smith v Jesus People*, 113 AD2d 980, 982-983). Accordingly, we affirm Supreme Court's order.

Cardona, P. J., Casey and Spain, JJ., concur.

Mercure, J. (dissenting). Because I conclude that Supreme Court should have granted summary judgment in favor of defendant and third-party defendant dismissing plaintiffs' cause of action under Labor Law § 240, I respectfully dissent.

Labor Law § 240 (1) affords exceptional legal protection to a distinct group of workers—those exposed to the special hazards resulting from work-site elevation differentials (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500-501; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514). In the absence of "a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured" (*Rocovich v Consolidated Edison Co.*, *supra*, at 514), there is no basis for Labor Law § 240 liability (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, *supra*; *Rocovich v Consolidated Edison Co.*, *supra*). In addition, there can be no Labor Law § 240 liability unless the plaintiff's injuries actually resulted from the kind of risk that brought about the need for a protective device in the first instance (*see, Misseritti v Mark IV Constr. Co.*, 86 NY2d 487; *Ross v Curtis-Palmer Hydro-Elec. Co.*, *supra*, at 501).

Applying the foregoing principles to this case, plaintiffs' cause of action under Labor Law § 240 (1) fails for three distinct reasons. First, the injuries sustained by plaintiff Clifford Gill arose in connection with the task of hoisting a load a mere six inches off the ground. Thus, Gill was not exposed to the risk of the load falling from a "higher level". Second, because Gill was

not struck by the load that he was hoisting, his injuries did not result from the elevation-related risk giving rise to the need for the hoist in the first instance. Third, because Gill and the jerry-built "hoist" were situated on the same level, the hoist could not itself be considered a "falling object" within the purview of Labor Law § 240. The conclusion to be drawn is that Gill's injuries resulted from "the type of 'ordinary and usual' peril a worker is commonly exposed to at a construction site" (*Misseritti v Mark IV Constr. Co., supra,* at 489), notwithstanding the fortuitous circumstance of his having been struck by one of the devices enumerated in Labor Law § 240 (1).

Ordered that the order is affirmed, with costs.