■ JOHN P. ALIX, Appellant, v UTICA & MOHAWK VALLEY CHAPTER OF THE NATIONAL RAILWAY HISTORICAL SOCIETY, INC., Respondent. [659 NYS2d 527] —Mercure, J. Appeal from an order of the Supreme Court (Kahn, J.), entered July 11, 1996 in

Albany County, which, *inter alia*, granted defendant's cross motion for summary judgment dismissing the complaint.

Plaintiff sustained the injuries forming the basis for this action in connection with his employment performing railroad track upgrade and maintenance work. On June 17, 1992, plaintiff was part of a work crew assigned to dump crushed stone along the railroad tracks. The stone was distributed from large stone carts that ran on the tracks, drawn by a backhoe. The backhoe and two stone carts were situated in tandem, with each conveyance drawing the next by means of a tow bar. Plaintiff's work required him to operate levers situated on the front of the first stone cart in order to regulate the flow of stone through "doors" on the cart. Because the work required plaintiff to position himself facing backward between the moving backhoe and stone cart, he decided to ride on the conveyance by standing on top of the tow bar. During the course of his work, one of the doors jammed, and plaintiff reached over with his foot and attempted to "kick it off". In the course of that effort, plaintiff was caused to fall approximately $2^{1}/_{2}$ feet to the track below. Tragically, the stone cart ran over plaintiff's leg, causing severe injuries ultimately necessitating amputation.

In his complaint, plaintiff alleges that his injuries were caused by defendant's negligence or violation of one or more of the provisions of the Labor Law governing workplace safety. After joinder of issue, plaintiff moved for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1), and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court denied plaintiff's motion and granted defendant's cross motion, finding, *inter alia*, that plaintiff was not injured in an elevation-related accident, as required by Labor Law § 240 (1), and that there was no evidence that defendant breached any specific duty imposed by Labor Law § 241 (6) and the regulations promulgated thereunder. Plaintiff appeals.

We affirm. The branch of plaintiff's appeal relating to the issue of liability under Labor Law § 241 (6) requires little discussion. Significantly, the regulations cited in plaintiff's pleadings and motion papers are either not sufficiently specific to form the basis for a Labor Law § 241 (6) claim or are inapplicable to the factual situation presented here (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505; *White v Sperry Supply & Warehouse*, 225 AD2d 130, 134). Plaintiff's present claim that a different regulation was breached may not be raised for the first time on appeal (*see, McMahon v Durst*, 224 AD2d 324).

We also conclude that Supreme Court correctly dismissed so much of plaintiff's complaint as was predicated upon Labor Law § 240. Labor Law § 240 (1) affords exceptional legal protection to a distinct group of workers, i.e., those who require specialized protective devices because of their exposure to the particular hazards resulting from worksite elevation differentials (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra*, at 500-501; *Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514-515). Fundamentally, there can be no liability under that statutory scheme unless the plaintiff's injuries actually resulted from the kind of risk that brought about the need for a protective device in the first instance (*see, Misseritti v Mark IV Constr. Co.*, 86 NY2d 487, 490; *Ross v Curtis-Palmer Hydro-Elec. Co., supra*, at 501).

In this case, positioned as he was between the moving backhoe and trailing stone cart, the danger encountered by plaintiff was that, if he was caused to slip, stumble or fall, he might well be run over. According to plaintiff's own statement, it was his apprehension of that danger that caused him to take a position on the tow bar rather than to walk on the track bed between the backhoe and the stone cart. It was that danger—and not an elevation-related hazard—that plaintiff succumbed to and which caused his injury. The fact of plaintiff's elevation, such as it was, was fortuitous; of itself, it posed little danger and, more importantly, it played no discernible part in the damages actually sustained by plaintiff. We conclude that here, as in *Ross v Curtis-Palmer Hydro-Elec. Co. (supra)*, the hazard causing plaintiff's injury was merely "connected in some tangential way with the effects of gravity" (*id.*, at 501), if at all. As a final matter, we are unpersuaded by the dissent's reliance upon the decision of the Court of Appeals in *Zimmer v Chemung County Performing Arts* (65 NY2d 513) or this Court's memorandum in *Bilderback v Agway Petroleum Corp.* (185 AD2d 372, *lv dismissed* 80 NY2d 971), neither of which mandates a contrary result.

Crew III, White and Yesawich Jr., JJ., concur.

Mikoll, J. P. (concurring in part and dissenting in part). I do not find the contention that plaintiff could have performed his work at ground level as determinative on the issue of whether he incurred an elevation-related injury implicating Labor Law § 240 (1). We have held that a plaintiff who subjects himself to an elevation-related risk does not forfeit the protection of Labor Law § 240 (1) (*see, Bilderback v Agway Petroleum Corp.*, 185 AD2d 372, *lv dismissed* 80 NY2d 971).

Plaintiff was standing on the tow bar, between two stone

carts, using it as a platform to perform the work of operating levers which opened the cart's doors, permitting stone to fall on bare spots between train rails. Standing on the tow bar placed plaintiff $2^1/2$ to 3 feet above the railroad track at the time of the accident. When the levers jammed, plaintiff attempted to kick the doors open with his feet, the cart jolted and he fell off, suffering an injury to his leg which resulted in its eventual amputation.

His supervisor, Rocky Bradway, was actively supervising plaintiff at the jobsite. It was Bradway who ordered the work crew to use two stone carts at the same time because the workers were "falling behind schedule". Normally a single cart was used. At the time of the accident Bradway was operating one of the carts. Two other workers walking behind the back cart were working its doors. Plaintiff was positioned between the first and second carts in order to operate the first cart's doors by use of levers. He explained that he stood on the tow bar to avoid walking backward on the uneven terrain, sandwiched between two rolling cars filled with heavy loads of stone, all the while charged with operating two levers to release the stone. We note that Bradway did not direct plaintiff to perform his task other than in the manner he chose. Plaintiff did the work throughout the day without mishap. The accident occurred at 4:30 P.M.

Having received no instruction from his employer, plaintiff resorted to what he perceived to be the safest, most reasonable way to do the job. This accident was brought on by using two carts to drop stone instead of one and exposing plaintiff to a choice between two precarious situations. His election to use the tow bar was reasonable. Labor Law § 240 (1) requires liberal interpretation to safeguard employees who are not in a position to defend themselves. This plaintiff is entitled to the protection of the statute.

It is uncontested that no devices were furnished to plaintiff to secure him in his standing position on the tow bar. Under Labor Law § 240 (1) absolute liability is imposed on an owner or general contractor who fails to provide safety devices where the absence of such devices is a proximate cause of the injury to the worker. In the absence of the provision of any safety device, liability is mandated by Labor Law § 240 (1) (*see, Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 524). A fortiori, even if no appropriate safety devices may exist, this fact does not defeat the owner's liability under the statute (*see, id.*).

The hazard facing plaintiff was the possibility of falling off the tow bar onto the tracks below and into the path of a mov-

ing stone cart. The failure to supply a safety device was a proximate cause of plaintiff's fall and injury. The task clearly involved an elevation-related risk associated with the forces of gravity (*see, Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514). Plaintiff established a breach of Labor Law § 240 (1). Summary judgment should have been granted to plaintiff and the matter remitted for trial on the issue of damages only. Ordered that the order is affirmed, with costs.