■ JUANA L. ARAGON, as Administratrix of the Estate of JESUS B. CHAVEZ, Deceased, Respondent, v 233 WEST 21ST STREET, INC., Appellant-Respondent, COLE RESTORATION CORPORATION, Respondent-Appellant, and YORK SCAFFOLD EQUIPMENT CORP. et al., Respondents. 233 WEST 21ST STREET, INC., Third-Party Plaintiff-Appellant-Respondent, v D.N.A. CONSTRUCTION CORP., Third-Party Defendant-Respondent. COLE RESTORATION CORPORATION, Second Third-Party Plaintiff-Respondent-Appellant, v D.N.A. CONSTRUCTION CORP., Second Third-Party Defendant-Respondent and Fourth-Party Plaintiff-Respondent. ST. VINCENT'S HOSPITAL AND MEDICAL CENTER OF NEW YORK et al., Fourth-Party Defendants-Respondents. [607 NYS2d 642] —Order, Supreme Court, New York County (Walter M. Schackman, J.), entered October 28, 1992, which, *inter alia,* granted plaintiff's motion for summary judgment on the issue of liability against defendant owner, 233 West 21st Street, Inc., and defendant general contractor, Cole Restoration Corporation, but denied 233 West 21st Street's cross-motion for summary judgment against Cole on the basis of common law and contractual indemnification, against third-party defendant D.N.A. Construction Corp. on the basis of common law indemnity and against its co-defendants York Scaffold Equipment Corp., York Ladder, Inc. and York Scaffold & Ladder on the basis of common law negligence and strict liability, unani-

mously modified, on the law, only to the extent of granting 233 West 21st Street, Inc.'s cross-motion for summary judgment against Cole on the basis of both common law and contractual indemnity and, as so modified, the order is otherwise affirmed, without costs.

In this personal injury and wrongful death action arising from the collapse of a scaffold on which plaintiff's decedent was performing brick restoration work on a residential apartment building, plaintiff was properly granted summary judgment on the issue of liability inasmuch as the collapse of a scaffold is prima facie evidence of a violation of Labor Law § 240 (1) which shifts the burden to defendants to raise a factual issue on liability (see, Bras v Atlas Constr. Corp., 166 AD2d 401). Despite defendants' arguments, there is simply no evidence from which an inference could be made that the decedent had "refused" to avail himself of the available safety harness (see, Stolt v General Foods Corp., 81 NY2d 918). Moreover, the duty to see that safety devices are furnished and employed rests on the employer in the first instance (Singh v Barrett, 192 AD2d 378) and the proximate cause of the scaffold's collapse was the breaking of one of the supporting ropes, not the plaintiff's decedent's failure to wear a safety harness.

As to the cross-motion of 233 West 21st Street, it is settled that a property owner or contractor who is liable vicariously under the Labor Law is entitled to common law indemnification from the negligent party (Kelly v Diesel Constr. Div., 35 NY2d 1, 6).

Although triable issues of fact are presented regarding the condition of the rope prior to its breaking, as well as the extent of Cole's supervision of the worksite and whether Cole, the general contractor, or D.N.A., the subcontractor and plaintiff's decedent's employer, or both were negligent in the erection of the scaffold and supervision of decedent, there is no question that both Cole and D.N.A. had the authority to direct, supervise and control the brick restoration work giving rise to plaintiff's decedent's injuries and death. On the other hand, the fact that 233 West 21st Street may have dispatched persons to observe the progress and method of the work does not render it actively negligent inasmuch as this sort of activity does not bespeak supervision of the kind which would render a property owner liable at common law for the injuries sustained by plaintiff's decedent at the worksite (see, Curtis v 37th St. Assocs., 198 AD2d 62). Furthermore, Cole is obligated to indemnify 233 West 21st Street pursuant to their contract.

We have considered the parties' other points and find them unpersuasive. Concur—Ellerin, J. P., Wallach, Kupferman and Rubin, JJ.