■ PETER J. MOUTRAY et al., Respondents, v ROBERT J. BARON et al., Defendant and Third-Party Plaintiffs-Appellants, et al., Defendant. JLJ MASONRY, INC., Third-Party Defendant-Respondent. [663 NYS2d 926] —White, J. Appeal from an order of the Supreme Court (Teresi, J.), entered February 24, 1997 in Albany County, which, *inter alia*, denied a motion by defendants Robert J. Baron and Baron Construction Corporation for summary judgment dismissing the complaint against them.

Plaintiff Peter J. Moutray, a mason's laborer employed by third-party defendant, JLJ Masonry, Inc. (hereinafter JLJ), sustained personal injuries in a construction site accident. Thereafter, Moutray and his wife, derivatively, commenced this action asserting causes of action founded upon Labor Law §§ 200, 240 (1) and § 241 (6) against the owner of the construction site, defendant Robert J. Baron, and the general contractor, defendant Baron Construction Corporation (hereinafter collectively referred to as Baron). Baron, in turn, commenced a third-party action against JLJ seeking contribution and/or indemnification. Following discovery, Baron moved for summary judgment against plaintiffs and JLJ, prompting a cross motion by plaintiffs for partial summary judgment on the liability issue. Supreme Court granted plaintiffs' cross motion with respect to their Labor Law § 240 (1) and § 241 (6) causes of action and denied Baron's motions. Baron appeals.

The underlying facts are that Baron entered into a subcontract with JLJ for masonry work on a warehouse it was constructing. To perform the subcontract, JLJ rented two mechanical scaffolds from defendant Dunlop Equipment, Inc.* Basically, the scaffolds consisted of a tower and platform that could be raised or lowered electronically by means of a remote control device connected by cable to a power source located underneath the platform. At one point, as JLJ was dismantling a scaffold, the remote control device malfunctioned, stranding the platform 25 feet above the ground. Moutray's supervisor

---

* Dunlop Equipment, Inc. has not appeared in this action.

directed him to climb into a crawlspace underneath the platform to reach the electrical power box containing platform control buttons. He was then to lower the platform about four feet. Moutray followed these instructions but, unfortunately, lowered the platform onto his right foot, causing a severe fracture of his great toe.

These facts do not necessarily establish plaintiffs' cause of action under Labor Law § 240 (1) since not every hazard or danger encountered in a construction zone falls within the purview of the statute (see, Misseritti v Mark IV Constr. Co., 86 NY2d 487, 490). The case of Rocovich v Consolidated Edison Co. (78 NY2d 509) and its progeny have made it clear that the statute's reach is limited to such specific gravity-related accidents as falling from a height or being struck by a falling object (see, White v Sperry Supply & Warehouse, 225 AD2d 130, 132). In this instance the scaffold performed its function since plaintiff was not injured in a gravity-related incident. Instead, his injury is attributable to a malfunction in the scaffold's mechanism and his action in lowering the platform too far. In our view the harm caused by these circumstances is outside the protective shield of Labor Law § 240 (1) (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501). Accordingly, Supreme Court should have dismissed plaintiffs' Labor Law § 240 (1) cause of action.

We reach the same conclusion with respect to the Labor Law § 241 (6) cause of action. To sustain a cause of action under this statute, a plaintiff must show that the defendant breached an Industrial Code regulation containing specific commands and standards as opposed to one that merely incorporates the general common-law standard of care (see, Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 878; Francis v Aluminum Co., 240 AD2d 985, 987). The regulation plaintiffs rely on, 12 NYCRR 23-5.1 (f), does not meet this standard as it is a subpart of the general provisions for all scaffolds and, as such, lacks any degree of specificity.

Finally, liability under Labor Law § 200 cannot be imposed upon Baron since the authority to enforce general safety standards does not equate with supervision or control of Moutray's work; nor is there any proof that it had actual or constructive notice of the alleged unsafe condition that caused Moutray's accident (see, Armer v General Elec. Co., 241 AD2d 581, 583; Enderlin v Hebert Indus. Insulation, 224 AD2d 1020, 1021).

Crew III, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, cross motion denied, motion granted, summary judgment

awarded to defendants Robert J. Baron and Baron Construction Corporation, and complaint dismissed against them.