■ CESAR NARVAEZ et al., Plaintiffs, v 4518 ASSOCIATES et al., Respondents, and TRI-STATE DEMOLITION, Appellant. (And Other Actions.) [672 NYS2d 859] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered April 4, 1997, which granted defendants-respondents' motion for summary judgment to the extent of directing that defendant-appellant, Tri-State Demolition, defend and indemnify defendants-respondents and pay their attorneys' fees, unanimously affirmed, with costs.

The indemnification clause in the parties' contract is enforce-

able since it does not impose an obligation to indemnify for negligence other than that of the indemnitor and its agents (*see, Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786, 793-794). Nor is there any question as to whether the indemnitees, defendants-respondents, were actually at fault, for although defendants-respondents' general contractor had a supervisor on hand, who was responsible for general safety at the work site, the record establishes that that supervisor did not control or supervise performance of the work in the course of which plaintiff was injured. The record in fact demonstrates that said supervisor's suggestion for performance of the work was not followed and that defendant-appellant's foreman and its subcontractor's foreman were solely responsible for direction of work in question (*see, Rice v PCM Dev. Agency Co.*, 230 AD2d 898, 899-900; *Isnardi v Genovese Drug Stores*, 242 AD2d 672; *Seecharran v 100 W. 33rd St. Realty Corp.*, 198 AD2d 121, 122). Concur—Lerner, P. J., Ellerin, Rubin and Saxe, JJ.