■ ALBERT TORINO et al., Respondents, v KLM CONSTRUCTION, INC., Appellant and Third-Party Plaintiff-Appellant, et

al., Defendant. XLO CONCRETE CORP., Third-Party Defendant-Respondent. [685 NYS2d 24] —Order, Supreme Court, New York County (Carol Huff, J.), entered March 19, 1998, which, in an action by plaintiff laborer against defendant owner/general contractor of a construction site under Labor Law §§ 200, 240 (1) and § 241 (6) and for common-law negligence, granted plaintiff's motion for partial summary judgment on liability on his Labor Law § 240 (1) claim, and denied defendant's cross motion for summary judgment dismissing plaintiff's complaint and for summary judgment on its third-party claim for common-law indemnity against plaintiff's employer, unanimously modified, on the law, to grant defendant's cross motion for summary judgment on its common-law indemnity claim, and otherwise affirmed, without costs.

Plaintiff was properly granted summary judgment on his Labor Law § 240 (1) claim because the scaffold from which he fell, basically a makeshift platform without any safety features that was owned and assembled by third-party defendant, his employer, failed in its "core objective" to prevent plaintiff from falling off it to the stairs below (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501; *Yu Xiu Deng v A.J. Contr. Co.*, 255 AD2d 202; *Aragon v 233 W. 21st St.*, 201 AD2d 353, 354). The foregoing renders plaintiffs' alternative theories of liability against defendant academic, and we do not address them. Defendant's motion for summary judgment on its common-law indemnity claim against plaintiff's employer should have been granted, there being no issues of fact as to the employer's actual responsibility for the accident (*see, Aragon v 233 W. 21st St., supra*). That defendant had a representative observing the progress and method of the work "does not bespeak supervision of the kind which would render a property owner liable at common law" for work site injuries (*supra,* at 354). "[A]uthority to enforce general safety standards does not equate with supervision or control of [plaintiff's] work" (*Moutray v Baron*, 244 AD2d 618, 619, *lv denied* 91 NY2d 808). Concur—Williams, J. P., Lerner, Rubin and Saxe, JJ.