■ ARCENIO SANANGO, Respondent, v 200 EAST 16TH STREET HOUSING CORPORATION, Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. TOWER BUILDING RESTORATION, INC., Doing Business as TBR, LLC, Third-Party Defendant-Appellant, et al., Third-Party Defendant. [736 NYS2d 321] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered May 22, 2001, which, in an action by a laborer for injuries sustained at a work site, insofar as appealed from, granted defendant and third-party plaintiff site owner's motion for summary judgment on its claim for contractual indemnification against third-party defendant pointing contractor, also plaintiff's employer, and granted plaintiff's cross motion for partial summary judgment on the issue of the site owner's liability on plaintiff's Labor Law § 240 (1) claim, unanimously affirmed, without costs.

Plaintiff's deposition testimony that the ladder he was provided wobbled as he stepped on it to descend from a higher to a lower terrace, causing him to fall, entitles him to summary judgment on his Labor Law § 240 (1) claim absent evidence raising an issue of fact as to whether plaintiff's actions were the sole proximate cause of the accident (*see, Wasilewski v Museum of Modern Art*, 260 AD2d 271; *Angeles v Goldhirsch*, 268 AD2d 217; *see also, Kash v McCann Real Equities Devs.*, 279 AD2d 432). No such issue of fact is raised. The deposition testimony of the contractor's officer that the ladder was secure lacks probative value since he admitted that he did not inspect the ladder the same day as the accident, could not say how many days after the accident he inspected it, and could not say what, if anything, had been done to it in the meantime. Nor does an issue of fact exist as to whether plaintiff was a recalcitrant worker where there is no evidence that he disobeyed an immediate instruction to use a harness or other actually available safety device (*see, Balthazar v Full Circle*

*Constr. Corp.,* 268 AD2d 96, 99; *Aragon v 233 W. 21st St.,* 201 AD2d 353). The site owner was properly granted summary judgment on its claim for contractual indemnification against the contractor upon a showing that in accordance with their contract, the contractor in fact provided the ladders and otherwise controlled plaintiff's work, and that the site owner at most had only a general supervisory role at the work site (*see, Narvaez v 4518 Assocs.,* 250 AD2d 436; *Aragon v 233 W. 21st St., supra*). Concur—Sullivan, J.P., Rosenberger, Lerner, Rubin and Buckley, JJ.