■ MARY JANE DEPALMA, Appellant, v METROPOLITAN TRANS-PORTATION AUTHORITY et al., Respondents, et al., Defendant. [759 NYS2d 37] —Order, Supreme Court, New York County (Marcy Friedman, J.), entered September 27, 2002, which, inter alia, denied plaintiff's motion for partial summary judgment as to liability on her Labor Law § 240 (1) claim, unanimously reversed, on the law, without costs, plaintiff's motion granted and the matter remanded for further proceedings.

Plaintiff's husband was killed in a 35-foot fall from a 12-inch-wide flange beam to the 33rd floor roof of a building in which air conditioning equipment was being installed. Decedent's job was to operate a derrick's swing gear, a hydraulic mechanism that moves the derrick's boom back and forth. After an unsuccessful attempt to lower material through a doorway onto the 33rd floor, the load was hoisted back to the 34th floor where the derrick was located. Since the tag line used to steady the load during hoisting had to be untied, plaintiff's decedent walked out onto an I-beam, but fell when he walked back. There was no safety net at the site but there were safety harnesses which were in a gang box on the same penthouse floor as the derrick.

The IAS court denied plaintiff's motion for partial summary judgment as to liability on her Labor Law § 240 (1) claim, finding disputed issues of fact (1) as to whether defendants failed to furnish a safety device and (2) whether the absence of a safety device was a proximate cause of decedent's fall.

Defendants argue on appeal that decedent deliberately declined to use safety devices known to be available in the area where he was working and that he was performing a function that was outside the scope of his assigned duties. Since there is no evidence that decedent refused to use safety equipment and since the activity which occasioned his fall was within that type of work normally done by a member of a rigging crew, the IAS court should have granted plaintiff's motion.

The IAS court correctly rejected a recalcitrant worker defense on the ground that defendants failed to demonstrate that decedent "disobeyed an immediate instruction to use a harness or other actually available safety device" (*Sanango v 200 E. 16th St. Hous. Corp.*, 290 AD2d 228, 228 [2002]). Having failed to prove decedent's intentional refusal to use a safety device, his mere negligence as a protected worker does not create a factual issue as to causation. If the absence of a safety device

adequately "constructed, placed and operated as to give proper protection to a person so employed" (Labor Law § 240 [1]; *Jamison v GSL Enters.*, 274 AD2d 356, 361 [2000]) is a proximate cause of injury, contributory negligence by "the injured worker is of no consequence" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513 [1991]).

There is no evidence that plaintiff's decedent refused to use the safety harness, and the fact that safety harnesses may have been available at the work site is insufficient to allow defendants to escape liability (*Stolt v General Foods Corp.*, 81 NY2d 918, 920 [1993]; *Kanney v Goodyear Tire & Rubber Co.*, 245 AD2d 1034, 1035 [1997]). Though available in the gang box on the same floor as the derrick, the safety harnesses were not ready for immediate use but were simply "available for use somewhere in the area of the construction site" (*Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 526 [1985]). As the IAS court correctly held, decedent was not "plainly acting outside the scope of his employment" (*Higgins v 1790 Broadway Assoc.*, 261 AD2d 223, 224 [1999]). Decedent worked as part of a rigging crew and cutting a tag line was within the scope of the crew's task. Concur—Buckley, P.J., Nardelli, Andrias, Ellerin and Friedman, JJ.