■ Tadeusz Olszewski et al., Respondents, et al., Plaintiff, v Park Terrace Gardens, Inc., et al., Appellants, et al., Defendant. Park Terrace Gardens, Inc., et al., Third-Party Plaintiffs-Respondents-Appellants, et al., Third-Party Plaintiff, v Plaza Restoration Inc., Third-Party Defendant-Appellant-Respondent. [763 NYS2d 246] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered July 10, 2001, which, in an action by a laborer against a building owner, building managing agent and construction site general contractor for personal injuries sustained when a scaffold collapsed, insofar as appealed from, granted plaintiff's motion for summary judgment on the issue of defendants' liability under Labor Law § 240 (1), granted defendants' cross motions for summary judgment on their third-party claims for common-law and contractual indemnification against plaintiff's employer only with respect to their claims for contractual indemnification, and granted the employer's cross motion for summary judgment dismissing the third-party claims against it only with respect to the claims for common-law indemnification, unanimously modified, on the law, to reinstate the third-party claims for common-law indemnification, and otherwise affirmed, without costs.

Defendants' recalcitrant worker defense, predicated on

plaintiff's failure to secure the harness he had been furnished to the safety line, is unavailing, there being no dispute that the scaffold was defective, and there being no evidence that plaintiff was given an "immediate instruction" to use the harness (*Sanango v 200 E. 16th St. Hous. Corp.*, 290 AD2d 228, 228-229 [2002], citing *Balthazar v Full Circle Constr. Corp.*, 268 AD2d 96, 99 [2000]; *Aragon v 233 W. 21st St.*, 201 AD2d 353, 354 [1994]). The motion court also correctly held that the indemnification clause in the subcontract does not purport to indemnify the general contractor for its own negligence and otherwise warrants judgment in favor of defendants on their third-party claims against the employer for contractual indemnification (*see Dutton v Pankow Bldrs.*, 296 AD2d 321 [2002]). However, the motion court erred in its apparent exclusive reliance on plaintiff's bill of particulars in finding that he did not sustain a grave injury within the meaning of Workers' Compensation Law § 11, and we accordingly modify to reinstate defendants' claims for common-law indemnification against the employer. We have considered the parties' other arguments for affirmative relief and find them unavailing. Concur—Tom, J.P., Andrias, Rosenberger and Williams, JJ.