■ FRANCIS J. VACCA et al., Appellants, v LANDAU INDUSTRIES LTD. et al., Respondents. [773 NYS2d 21]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered on or about January 3, 2003, which, to the extent appealed from, denied plaintiff's motion for partial summary judgment on the issue of liability, for violation of Labor Law § 240 (1), unanimously reversed, on the law, without costs, the motion granted and the matter remanded for further proceedings.

In the course of installing a new roof to the dining hall at Wagon Road Camp, a youth summer camp owned and operated by the Children's Aid Society, plaintiff, an employee of nonparty roofing subcontractor FED Realty Maintenance, Ltd. (FRM), sustained personal injuries when he fell approximately 20 feet to the ground on October 31, 1998. At the time of the incident, it is undisputed that plaintiff was not wearing a safety harness.

It is well settled in this Department that an immediate instruction is a requirement of the "recalcitrant worker" defense (see Olszewski v Park Terrace Gardens, 306 AD2d 128 [2003]; DePalma v Metropolitan Transp. Auth., 304 AD2d 461, 462 [2003]; Laquidara v HRH Constr. Corp., 283 AD2d 169, 170 [2001]; Sanango v 200 E. 16th St. Hous. Corp., 290 AD2d 228 [2002]). In the instant matter, we find no question that the recalcitrant worker defense is not applicable since defendant Lexcore Associates, Inc. (Lexcore), the general contractor, failed to demonstrate that plaintiff had "disobeyed an immediate instruction to use a harness or other actually available safety device" (Sanango at 228). We find that the statement by FRM's site superintendent, Dominic Rubio, contained in his affidavit that "[a]t some time prior to 10/31/98, the exact date and time [of] which [he did] not recall," he instructed plaintiff to wear a safety harness is far too equivocal to support the recalcitrant worker defense (cf. Miraglia v H&L Holding Corp., 306 AD2d 58 [2003] [one day before the accident, worker was repeatedly instructed to use a safety device]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Nardelli, J.P., Saxe, Lerner and Marlow, JJ.