**Myck v Metropolitan Transp. Auth.**

2024 NY Slip Op 33129(U)

September 6, 2024

Supreme Court, New York County

Docket Number: Index No. 158941/2017

Judge: Richard Tsai

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:** **HON. RICHARD TSAI** | **PART** **21** |
| *Justice* | |

--------------------------------------------------------------------------X

LANCE MYCK,

Plaintiff,

- v -

METROPOLITAN TRANSPORTATION AUTHORITY, THE
NEW YORK CITY TRANSIT AUTHORITY, EL SOL
CONTRACTING & CONSTRUCTION CORP., EL SOL
CONTRACTING CO., INC./EL SOL LIMITED
ENTERPRISES, J.V.,

Defendants.

--------------------------------------------------------------------------X

METROPOLITAN TRANSPORTATION AUTHORITY, THE
NEW YORK CITY TRANSIT AUTHORITY, EL SOL
CONTRACTING CO., INC./EL SOL LIMITED ENTERPRISES,
J.V.

Third-Party Plaintiffs,

-against-

NUCO PAINTING CORPORATION,

Third-Party Defendant.

--------------------------------------------------------------------------X

| |
|---|
| **INDEX NO.** 158941/2017 |
| **MOTION DATE** 09/19/2023 |
| **MOTION SEQ. NO.** 003 |
| |
| **DECISION + ORDER ON MOTION** |
| |
| Third-Party Index No. 595632/2018 |

The following e-filed documents, listed by NYSCEF document numbers (Motion 003) 1, 8, 25, 60, 66, 67, 68, 69, 83-106

were read on this motion to/for _____ JUDGMENT - SUMMARY _____.

Upon the foregoing documents, it is **ORDERED** that third-party defendant Nuco Painting Corporation's motion for summary judgment dismissing the third-party complaint is **GRANTED IN PART TO THE EXTENT THAT** the first and second causes of action of the third-party complaint are dismissed, and the motion is otherwise denied; and it is further

ORDERED that the remainder of the action shall continue; and it is further

ORDERED that the parties shall appear for a status conference on **10/24/24 at 3 p.m.** in IAS Part 21, 80 Centre Street Room 280.

**158941/2017  MYCK, LANCE vs. METROPOLITAN TRANSPORTATION**          **Page 1 of 5**
**Motion No.  003**

1 of 5

[* 1]

In this action, plaintiff alleges that, on May 11, 2017, he was injured while performing construction work due to defendants' negligence and violations of Labor Law §§ 200, 240 and 241 (6) (*see* NYSCEF Doc. No. 1, complaint at 4-5).

On August 2, 2018, defendants commenced a third-party action against plaintiff's employer, third-party defendant Nuco Painting Corp. (Nuco), alleging four causes of action: the first and second sought common-law indemnification or contribution; the third sought contractual indemnification; and the fourth alleged breach of an agreement to procure insurance (*see* NYSCEF Doc. No. 8). Issue was joined as to third-party complaint on or about November 8, 2018 (*see* NYSCEF Doc. No. 25).

Nuco now moves for summary judgment dismissing the causes of action for common-law indemnification and contribution on the ground that plaintiff did not allege a "grave injury" under Workers' Compensation Law § 11. Nuco also seeks summary judgment dismissing the causes of action for contractual indemnification and breach of an agreement to procure insurance on the ground of res judicata/collateral estoppel. Third-party plaintiffs oppose the motion.

The first and second causes of action of the third-party complaint for common-law indemnification are dismissed. Relying on the underlying bills of particulars (*see* NYSCEF Doc. Nos. 60 and 62) and Workers' Compensation medical records , Nuco made a prima facie showing that the alleged injuries sustained do not qualify as "grave injuries" within the meaning of Workers' Compensation Law § 11 (*Granite State Ins. Co. v Moklam Enters., Inc.*, 193 AD3d 616 [1st Dept 2021]).

Third-Party plaintiffs failed to raise a triable issue of fact as to whether plaintiff suffered a grave injury. *Olszewski v Park Terrace Gardens, Inc.* (306 AD2d 128, 129 [1st Dept 2003]), which ruled that the motion court erred in its apparent exclusive reliance on plaintiff's bill of particulars in finding that he did not sustain a grave injury within the meaning of Workers' Compensation Law § 11, is no longer good law. Nuco is entitled to rely on the underlying plaintiff's bill of particulars to make a prima facie showing that injuries that the plaintiff allegedly sustained do not qualify as "grave injur[ies]" (*National Union Fire Ins. Co. of Pittsburgh, PA v 221-223 W. 82 Owners Corp.*, 120 AD3d 1140, 1140 [1st Dept 2014]). In any event, Nuco had submitted the Workers' Compensation medical records as well to meet its prima facie burden.

Nuco's motion for summary judgment dismissing the remaining causes of action on the ground of res judicata/collateral estoppel is denied.

> "Issue preclusion, also known as collateral estoppel, bars the relitigation of 'an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment.' As a result, the determination of an essential issue is binding in a subsequent action, even if it recurs in the context of a different claim" (*Paramount Pictures Corp. v Allianz Risk Transfer AG*, 31 NY3d 64, 72 [2018]).

**158941/2017 MYCK, LANCE vs. METROPOLITAN TRANSPORTATION**
**Motion No. 003**

Page 2 of 5

2 of 5

[* 2]

"The party seeking the benefit of collateral estoppel has the burden of demonstrating the identity of the issues in the present litigation and the prior determination" (*Kaufman v Eli Lilly and Co.*, 65 NY2d 449, 456 [1985]).

Here, Nuco submits two federal court decisions in *Metropolitan Transportation Authority, the New York City Transit Authority, and El Sol Contracting & Construction Corp. v James River Insurance Company* (*see* Nuco's Exhibits 6 and 10 in support of motion [NYSCEF Doc. No. 96 and 101). There, the plaintiffs in the federal action sued an insurer alleging that it improperly denied insurance coverage to them in the underlying personal injury action pending in state court.

By a decision dated October 16, 2019, the federal court granted the insurer's motion to dismiss. The federal court reasoned, in relevant part:

"Nevertheless, as the Policy also makes clear, '[t]his insurance does not apply to any liability arising out of ... operations ... where a Consolidated Insurance Program (CIP) in which [the insured] participate[s], commonly referred to as an Owner Controlled Insurance Program (OCIP), has been provide[d] by the contractor, project manager, or owner of the construction project.' Dkt. 7-5, 18. Here, the Subcontract expressly provides that 'General Liability Insurance' 'for on-site activities' is 'covered by owner-provided insurance under MTA's OCIP.' Id. § 9.1. It therefore follows that Plaintiffs were not covered for Myck's injury which-it is undisputed-occurred on site.

In response, Plaintiffs point to section 9.1(c) of the Subcontract, which lists certain types of insurance that are 'not covered under the OCIP,' namely 'off-site Worker's Compensation Insurance, off-site General Liability Insurance, off-site General Liability Insurance, Business Automobile Liability Insurance, other insurances may also apply - refer to the OCIP Manual in the Contract Terms and Conditions.' See Pls.' Opp. Decl. at 5-6; see Subcontract § 9.1(c). Plaintiffs do not address how this language is relevant to the instant case, however. As just described, the Subcontract makes clear that on-site general liability is to be covered by MTA's OCIP, thereby excluding coverage under the Policy, see Policy §§ 9.1, 9.1(a). Nor do Plaintiffs even attempt to explain how, or why, any of the exempted insurances referenced in Section 9.1(c) of the Subcontract might apply with respect to Myck's on-site injury" (*see* NYSCEF Doc. No. 96, at 5-6).

By a decision dated August 27, 2020, the federal court denied the plaintiffs' motion for reconsideration (*see* NYSCEF Doc. No. 101). The court stated, in relevant part,

"As the Court previously concluded, because Myck's accident indisputably occurred on-site, the Policy did not provide coverage to Plaintiffs as

**158941/2017   MYCK, LANCE vs. METROPOLITAN TRANSPORTATION**                    **Page 3 of 5**
**Motion No.  003**

[* 3]

3 of 5

additional insureds for that accident. Plaintiffs have not demonstrated why or how Nuco's alleged status as an "extended contractor," even if true, would change this conclusion. Indeed, even assuming that Nuco, as an excluded contractor, was not covered by the MTA's OCIP and/or was required to furnish and maintain its own insurance policy, see Simon Decl. Ex. F, Dkt. 24-6, at MTA000020, MTA000031, such factual allegations do not establish that Nuco was in fact covered under the Policy with respect to Myck's on-site injury.

Plaintiffs point to Section 9.1(b) of the Subcontract. But all that Section 9.1(b) provides as to 'excluded' contractors is that, for more information on such contractors, the parties should refer to the OCIP Manual. Plaintiffs assert that, 'by amending the pleading to note that NUCO was an excluded contractor and as such, not subject to the OCIP policy, the terms and conditions of the OCIP manual can then be examined and incorporated to the extent of any obligation James River would have to provide insurance.' Pl. Reply, Dkt. 29, at 2. In other words, Plaintiffs contend that by alleging that Nuco was an 'excluded contractor,' they can "bring into play provisions of the OCIP manual which deals [sic] with situations involving excluded contractors and the requirement that the contractor provide its own insurance with additional insured provisions,' thereby 'creat[ing] proof that James River breached its obligations by not providing coverage as required 'by contract.'' Id. at 3. Plaintiffs do not, however, explain which particular provisions from the OCIP Manual, if any, would effectively alter the terms of the Subcontract and the Policy. Indeed, while the OCIP Manual 'identifies, defines, and assigns responsibilities related to the administration of the [MTA's OCIP],' it clearly '[d]oes not and is not intended to provide coverage interpretations.' See Simon Decl. Ex. F at MTA000010. Moreover, the OCIP Manual specifically provides that '[i]n the event there are any inconsistencies between this manual and the actual Contract Terms and Conditions or Technical Specifications, the Contract language shall prevail.' See id. Plaintiffs therefore cannot rely on information set forth in the OCIP Manual to alter the clear terms of the Subcontract or the Policy" (*id.* at 8-9).

However, the court agrees with third-party plaintiffs that the issues determined in the federal action were not identical to the causes of action for contractual indemnification and breach of an agreement to procure insurance.

The federal court decisions determined issues of insurance policy coverage. Nuco was not a party to the federal action. The federal court did not interpret the contract between Nuco and the third-party plaintiffs concerning any provisions for contractual indemnification. Rather, the federal court's focus was whether the plaintiffs were entitled to insurance coverage under the terms of the insurance policy issued by the James River Insurance Company. Although the federal court did look at the terms

**158941/2017   MYCK, LANCE vs. METROPOLITAN TRANSPORTATION**
**Motion No.  003**

Page 4 of 5

4 of 5

of the plaintiffs' contract with Nuco, those terms were analyzed to determine the extent determining insurance coverage.

Neither is the determination that there was no insurance coverage identical to the issue of whether Nuco allegedly breached an agreement to procure insurance. Such a determination that does not establish either that Nuco agreed to procure, or actually procured, the insurance for which coverage was ultimately denied. As third-party plaintiffs point out contractual indemnity and the obligation to procure insurance are separate and distinct obligations (*see Cavanaugh v 4518 Assocs.*, 9 AD3d 14, 20 ([1st Dept 2004] ["a contract to procure insurance is clearly distinct from and treated differently [from] an agreement to indemnify"]).

20240906164113RTSAI0E2DD64249EC42C398F53D98840EEF3D

| 9/6/2024 | | | | RICHARD TSAI, J.S.C. | |
|---|---|---|---|---|---|
| **DATE** | | | | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**158941/2017 MYCK, LANCE vs. METROPOLITAN TRANSPORTATION** Page 5 of 5
**Motion No. 003**

5 of 5

[* 5]