Moreno-Santos v Real Bldrs. Inc.

2026 NY Slip Op 02158

April 9, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Jairo Moreno-Santos, et al., Plaintiffs-Appellants-Respondents,

v

Real Builders Inc., et al., Defendants-Respondents-Appellants, Radison Development LLC, Defendant, MLK Plaza LLC, et al., Defendants-Respondents.

Real Builders Inc., et al., Third-Party Plaintiffs-Respondents-Appellants,

North South Masonry Inc., Third-Party Defendant-Respondent.

Decided and Entered: April 09, 2026

Index No. 26421/19|Appeal No. 6316|Case No. 2025-02867|

Before: Kennedy, J.P., Kapnick, Higgitt, Michael, Chan, JJ.

Siegel & Coonerty LLP, New York (Michael Peters of counsel), for appellants-respondents.

Bartlett LLP, Melville (Londyn Zografakis of counsel), for respondents-appellants.

Ahmuty, Demers & McManus, New York (Frank J. Wenick of counsel), for North South Masonry Inc., respondent.

[*1]

Order, Supreme Court, Bronx County (Myna Socorro, J.), entered March 3, 2025, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment on liability on their Labor Law § 240(1) claim, and denied the motion of defendants/third-party plaintiffs Real Builders Inc. and HP MLK Plaza Housing Development Fund Company Inc. (collectively, the owner defendants) for summary judgment dismissing plaintiffs' Labor Law §§ 240(1), 241(6), and 200 claims and for summary judgment on their contractual indemnification claim against third-party defendant North South Masonry Inc., unanimously modified, on the law, to grant plaintiffs' motion insofar as it sought summary judgment on liability on their Labor Law § 240(1) claim and conditionally grant the owner defendants' motion for summary judgment on their contractual indemnification claim as against North South Masonry, and otherwise affirmed, without costs.

Plaintiffs established prima facie entitlement to summary judgment through the deposition testimony of the injured plaintiff, a mason employed by North South Masonry, that an unsecured ladder suddenly slipped out from under him while he was standing on it to finish work on a block wall (see Tuzzolino v Consolidated Edison Co. of New York, 160 AD3d 568, 568 [1st Dept 2018]). The evidence also established that the ladder was only the upper part of an extension ladder that had been separated from its bottom part when plaintiff found it at the work site, and the owner defendants acknowledge that it was an inadequate safety device.

In opposition, the owner defendants failed to raise a triable issue of fact, as they offered no evidence to rebut plaintiff's testimony. We reject the owner defendants' sole proximate cause argument, as the evidence demonstrates that plaintiff's injury resulted from a violation of Labor Law § 240(1), and therefore, plaintiff cannot, as matter of law, be solely to blame for it (see Saula v Harlem Urban Dev. Corp., 235 AD3d 478, 478 [1st Dept 2025]). To the extent the owner defendants raise a sole proximate cause defense, they offer no evidence to show that plaintiff deliberately disobeyed an instruction not to use the inadequate ladder, or an instruction to use an appropriate ladder available to him (see Siguencia v City of New York, 237 AD3d 554, 554-555 [1st Dept 2025]; Vacca v Landau Indus., 5 AD3d 119, 120 [1st Dept 2004]). On the contrary, plaintiff testified that he requested a ladder from his foreman, but was told that he would have to find one himself, and since he did not have a key to the shanty that allegedly contained North South Masonry's ladders, he reluctantly used the partly dismantled extension ladder because there were no other ladders to be found on the job site.

Because plaintiffs are entitled to partial summary judgment on their Labor Law § 240(1) claim, the owner defendants' arguments regarding plaintiffs' Labor Law § 241(6) claim are academic (see Saula, 235 AD3d at 479).

[*2]

The owner defendants did not establish prima facie entitlement to dismissal of the Labor Law § 200 and common-law negligence claims, as the defective ladder constituted a dangerous or defective condition existing on the job site and they did not offer evidence to show that they did not have actual or constructive notice of that condition (see Jaycoxe v VNO Bruckner Plaza, LLC, 146 AD3d 411, 412 [1st Dept 2017]). In addition, evidence that other trades used the unsafe ladder for weeks before plaintiff was injured raises triable issues as to whether the owner defendants had notice of the dangerous condition.

However, the owner defendants did establish their entitlement to conditional summary judgment on their contractual indemnification claim, as they submitted evidence showing that the indemnification provisions in their subcontract with North South Masonry were triggered. The provisions were broadly worded to provide for indemnification for any loss or liability arising in connection with the subcontractor's work. To the extent one of the provisions additionally required evidence that a loss or liability be caused by the subcontractor's negligent acts or omissions, the unrebutted facts here satisfy that condition (see Cackett v Gladden Props., LLC, 183 AD3d 419, 421-422 [1st Dept 2020]). However, because there are triable issues as to whether the owner defendants had actual or constructive notice of the hazardous condition that allegedly existed on the premises for weeks before plaintiff's injury, they are entitled only to conditional indemnification.

North South Masonry argues, for the first time on appeal, that the alternative dispute resolution provisions in its subcontract with the owner require dismissal of the third-party complaint against it. However, North South Masonry has waived this defense, which it never asserted in its answer, by failing to raise it until now, more than six years after the commencement of the third-party action. Further, North South Masonry's participation in discovery, including by filing dispositive motions in this action, is inconsistent with an assertion of the right to arbitrate (see Stark v Molod Spitz DeSantis & Stark, P.C., 9 NY3d 59, 66-67 [2007], citing De Sapio v Kohlmeyer, 35 NY2d 402, 405 [1974]).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 9, 2026